## 52435. REAVES v. THE STATE.

STOLZ, Judge.
The defendant, tried for kidnapping and aggravated assault with intent to rape, appeals from his conviction of the latter offense.

1. The testimony of the victim of a rape committed 18 days later showed sufficient similarities between the two attacks to make the later one relevant as to the identity of the defendant. See *Payne v. State,* 233 Ga. 294, 311 (VI) (210 SE2d 775) and cits.; *Fears v. State,* 236 Ga. 660 (1) (225 SE2d 4) and cits. The fact that the two offenses were not identical, does not affect the relevancy, since aggravated assault with intent to rape is a lesser included offense of rape. As to this, compare *Payne v. State,* supra, which also involved similar, yet not identical, offenses. The testimony of this witness and the evidence adduced in the present case show similarity in the following respects. Both victims positively identified the defendant-appellant as the perpetrator; in both instances a young, black female was picked up by a cab driver (identified by both as the defendant) in the City of Atlanta around 1:00 a.m.; on both occasions the driver rubbed the

victims' legs, asked them if they were virgins, gave his name as "Larry *Read*," and attacked them inside the cab.

2. The verdict and judgment were authorized by the evidence.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JULY 13, 1976 — DECIDED JULY 16, 1976.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.