38474. GAY v. THE STATE.

SMITH, Justice.

In January, 1981, appellant Malcolm Gay, charged with murder and armed robbery, was found guilty on both counts in a trial by jury and sentenced to two consecutive life terms. On direct appeal Gay enumerates as error that: (1) the verdict is contrary to the evidence and contrary to law and the principles of justice and equity; (2) the

trial court allowed the District Attorney to read Gay's confession to the jury after the state and appellant had rested and without a motion by the state to reopen the evidence; and (3) the trial court admitted, over objections, the testimony of witnesses for the state which included statements made to them by a co-conspirator after termination of the conspiracy. We affirm.

In the late evening of June 21, 1980, appellant and Terry Adams, an acquaintance, accosted two men who were stopped in the emergency lane of Interstate 20 in east Atlanta repairing a flat tire. Gay and Adams left their own car some distance away and approached the men, who were working at changing the tire on their disabled automobile. As the pair arrived they made an ostensible offer to sell a gun held by Gay. The victims refused the offer. Gay and Adams thereupon proceeded to attempt to rob the men and when one resisted, Adams took the gun and shot him to death. The remaining victim ran a few steps but fell to the ground after the gunshot and was robbed by Gay. While on the ground he observed the robbery of his wounded friend by Adams, who still held the gun in his hand. Adams and Gay then fled the scene.

Gay was arrested on June 23, 1980, when his car was stopped by Atlanta police. The arresting officer saw a pistol protruding from beneath the automobile's front seat below where Gay had been seated. The weapon was taken into police custody and tested by the state crime laboratory. The tests confirmed that the gun involved in the shooting and the pistol recovered from the car's floor were the same.

(1) Gay argues in his first enumeration of error that the verdict was contrary to the evidence, and without evidence to support it; decidedly against the weight of the evidence; and contrary to law and the principles of justice. We find that the evidence was sufficient to support the verdict under the test set forth in Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, this enumeration of error is without merit.

(2) On July 6, 1980, Atlanta police interrogated Gay as to his part in the crime. While in police custody Gay made statements acknowledging that he had participated in the robbery and murder. At trial, counsel for the appellant objected to the state's tender of Gay's statement to the police. The court held a Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), hearing out of the presence of the jury to determine the admissibility of two items — the transcribed statement, and a waiver of counsel. Both were made and signed by Gay while in custody. The court found appellant had knowingly and intelligently waived his right to remain silent and be represented by an attorney, that he made a statement in custody, and

that he was not under any intimidation or fear of injury or punishment or hope of reward. The court also found the tendered statement to be voluntarily made and that the rights to counsel waived while in custody were waived by a knowing person who had competence and intelligence to make such waivers. The court found the statement to be admissible.

Following the Jackson v. Denno hearing, examination of the officer who had taken Gay's statement was not resumed. His completed testimony was directed only to the circumstances under which Gay made his statement, and not to its contents. The state proceeded with its case before the jury and at the conclusion tendered the incriminating statement by Gay as evidence. The statement was admitted into evidence over objection. The state and the defense then rested.

Prior to final arguments, counsel for Gay objected to permitting the statement to be placed into the hands of the jury. *Royals v. State,* 208 Ga. 78 (65 SE2d 158) (1951). The trial judge offered to read the statement to the jury himself. Again counsel objected and after discussion it was decided by the court that the District Attorney could read the statement to the jury, which he proceeded to do over objection. The state did not move to reopen the case for presentation of additional evidence.

Appellant argues on appeal that the District Attorney was not sworn as a witness and thus cannot present competent evidence. There is no question that the District Attorney was not sworn. But we find that the statement was already properly admitted into evidence and the jury was entitled to know the contents of the statement. Defendant had examined the police officer who took the statement as to its validity and voluntariness. Whether the statement was voluntary is not at issue here. The reading of the statement by the District Attorney is not, as appellant urges, tantamount to giving testimony. The trial judge explained to the jury the rule that the statement was not to be taken out with them, but that upon being read its contents could be considered as evidence like other oral testimony provided by witnesses. *Royals v. State,* 208 Ga. 78, supra. The source of the statement, the conditions and circumstances under which it was made, and the right of the jury to know its contents are unquestioned. The statement was not evidence additional to that presented in the trial. Appellant neither moved to reopen the evidence nor to recall the police officer who took the statement in order to cross-examine him as to the contents of the statement. It was not error under the circumstances of this case to permit the District Attorney to read the statement.

(3) Appellant requested and received an in camera hearing

concerning the testimony of two of the state's witnesses. The court heard argument that the proffered testimony was inadmissible hearsay because it was spoken out of the presence of the appellant, not within his hearing, and the declarant was not made available for cross-examination. On appeal the appellant urges that the statements were made to the witnesses by Adams after termination of the conspiracy and therefore are not admissible under Ga. Code § 38-306.

The challenged testimony consisted of a conversation between Adams and two sisters implicating Adams and Gay in the recently completed robbery and murder. Adams made these statements to the witnesses at their apartment shortly after commission of the crime. He described the events of the robbery and shooting, and at that time gave one of the sisters a wristwatch stolen in the robbery. Appellant was not at the apartment when this conversation took place and Adams was not called as a witness for either side.

Georgia provides a statutory exception to the hearsay rule in certain cases involving statements of co-conspirators. "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Ga. Code § 38-306. Limiting this section is Ga. Code § 38-414. "The confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself." The Code sections have been said to be mutually exclusive and not overlapping, that is, the end of the criminal enterprise comes only when the pendency of the criminal project has terminated. "The pendency of the criminal project" includes not only the accomplishment of the crime itself, but "may also include acts performed and declarations made after the commission of the crime." *Crowder v. State,* 237 Ga. 141, 152 (227 SE2d 230) (1976). It is the rule in Georgia that "the criminal project is still pending so long as the conspiracy to conceal the fact that a crime has been committed or the identity of the perpetrators of the offense continues." *Gunter v. State,* 243 Ga. 651, 661 (256 SE2d 341) (1979); *Chatterton v. State,* 221 Ga. 424 (5) (144 SE2d 726) (1965). The co-conspirator exception has been held to allow the use of hearsay statements made where the sole continuing object of the conspiracy is to avoid punishment. *Evans v. State,* 222 Ga. 392 (150 SE2d 240) (1966). In the present case neither Gay nor Adams was known to the police nor anyone else at the time of Adams' declarations. Thus his statements were not merely narrative, *Munsford v. State,* 235 Ga. 38 (218 SE2d 792) (1975), and in fact they were in furtherance of the conspiracy and did not occur after conclusion of the criminal enterprise.

Appellant also argues that Adams was not shown by the state to be unavailable to testify. It is not the rule in Georgia that the state must so prove the declarant's unavailability. Appellant was not precluded from calling Adams, the co-conspirator, to testify. *Mullins v. State,* 147 Ga. App. 337 (248 SE2d 706) (1978). For the reasons stated above, we find the appellant's third enumeration of error without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Louise T. Hornsby,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.