## 43055. HARRIS v. THE STATE.
(340 SE2d 4)

MARSHALL, Presiding Justice.

Jimmy Lee Harris appeals from his conviction of the armed robbery and murder of Patrick Pernell Jackson, for which he received two consecutive life sentences.[1] We affirm.

There was evidence as follows. Around the time the victim went "missing," the appellant was heard more than once to make statements to the effect that the next time, he would go to prison for killing one of those "nasty m----- f-----s" in the street, and that he was "going to kill the kid." On the afternoon of April 25, 1984, the victim was in front of his mother's house. When the appellant's sister drove by in the appellant's mother's automobile, the victim "spooked" and ran to the back of the house. The victim later placed a towel across his face before going outside to the mailbox, and subsequently gave a friend $180 to keep for him.

On that evening, the appellant, his brother, the victim, and another man were drinking beer and smoking marijuana at "Copeland's Place." At that time, the victim had about $150 in cash with him. Later that night, the appellant grabbed a beer from a "small-sized guy" and said he did not have but a dollar to spend. The victim was last seen alive riding away from Copeland's Place in the automobile

---

[1] The crime was committed on April 25, 1984. The jury returned its verdict of guilty and the court sentenced the appellant on May 8, 1985. The appellant filed a motion for new trial on June 6. The court reporter certified the trial transcript as ready on August 14. The motion for new trial was amended on October 7 and denied on October 9. Notice of appeal was filed on December 4. The record was docketed in this court on December 30. On February 14, 1986, the appellant submitted his appeal for decision without oral arguments.

with the appellant and his brother. The appellant's brother told a witness that he and the appellant had been paid $20 to beat "P. J." up. On the night of April 25, the date of the victim's disappearance, "hollering" was heard coming from the direction of the residence of the appellant and his brother.

Almost a month later, the victim's remains were found only 62 feet behind the residence of the appellant and his brother, in a field. A neighbor had noticed the unusual odor emanating from this area for some two or three weeks. The cause of death was multiple stab wounds to the back of the chest. The victim's wallet contained only $2. The watch and ring worn by the victim on the night he disappeared had been in the possession of the appellant's brother shortly after the victim was last seen, for which the brother gave several conflicting explanations. Upon discovery of the body by the police, the appellant stated, "Good, maybe the m----- f----r will stay out of people's car."

1. In his first enumeration of error, the appellant raises the general grounds. We find the evidence produced at trial sufficient to have authorized a rational trier of fact to conclude that the appellant was guilty beyond a reasonable doubt of the armed robbery and murder of Patrick Jackson. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second through eighth enumerations of error, the appellant argues that the trial court erred in permitting, over his objection, hearsay testimony from seven witnesses concerning statements made to them by Napoleon Harris, the appellant's brother, who was a co-defendant and the co-conspirator, and whose case was severed from the appellant's.

"Hearsay statements made by a conspirator during the course of a conspiracy, including the concealment phase, are admissible against all conspirators. OCGA § 24-3-5; *Fortner v. State*, 248 Ga. 107 (2) (281 SE2d 533) (1981); *Gay v. State*, 249 Ga. 747 (3) (294 SE2d 476) (1982)." *Cromer v. State*, 253 Ga. 352 (4) (320 SE2d 751) (1984). "The question of the existence of a conspiracy is ultimately for the jury to determine. *Hutchins v. State*, 229 Ga. 804 (194 SE2d 442) (1972). The existence of a common design or purpose between two or more persons to commit an unlawful act may be shown by direct or circumstantial evidence. *Chappell v. State*, 209 Ga. 701 (75 SE2d 417) (1953); *McLeroy v. State*, 125 Ga. 240 (2) (54 SE 125) (1906)." *Hurt v. State*, 239 Ga. 665 (11) (238 SE2d 542) (1977).

Here, the jury was given, before each witness testified, a cautionary instruction to consider the testimony only if they found that a conspiracy had existed at the time the witnesses heard the statements to which they would testify. There was ample evidence, as set forth in the statement of facts hereinabove, of a conspiracy between the ap-

pellant and his brother to murder Patrick Jackson, which conspiracy existed at the time the hearsay statements were made. These enumerations of error are without merit.

3. In his ninth and tenth enumerations of error, the appellant complains that the admission in evidence, over objection, of the testimony of the victim of a kidnapping, aggravated assault and rape committed four days later, impermissibly placed the appellant's character into evidence.

"The admissibility of 'other crime' evidence is a matter determined by the trial court. *Felker v. State*, 252 Ga. 351 (1c) (314 SE2d 621) (1984)." *Ross v. State*, 254 Ga. 22, 31 (5d) (326 SE2d 194) (1985). The factors pertinent to a determination of the admissibility of the extrinsic crime are similarity, and relevance to the issues in the trial of the case. *Felker v. State*, 252 Ga. 351, supra, p. 359 (1a) and cits.

The prerequisite of evidence that the defendant was in fact the perpetrator of the independent crime (*Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977) and cit.) was met by the in-court identification of the defendant as the perpetrator. Both crimes were similar in that (1) both victims originally encountered the appellant at a night club; (2) there was no immediate hostility between the appellant and the victims; (3) both victims were passengers in a black Cadillac driven by the appellant on the night of the respective crimes committed upon them; (4) the encounter between the respective victims and the appellant was at night; (5) the appellant had been, by his own admission, using cocaine on the night of the kidnapping, aggravated assault and rape, and had been drinking beer and liquor and smoking marijuana on the night during which Patrick Jackson was last seen alive; (6) both victims were stabbed multiple times in the chest and back; and (7) both victims were left in vacant fields to die.

"We find that the proximity in time, place, and transaction meets the test authorized in *State v. Johnson*, [246 Ga. 654, 655 (272 SE2d 321) (1980)]. The fact that the similar transaction occurred subsequent to the incident for which appellant was being tried does not bar its use. See *McGee v. State*, 165 Ga. App. 423 (4) (299 SE2d 573) (1983)." *Ledford v. State*, 173 Ga. App. 456, 457 (2) (326 SE2d 819) (1985). See also *Reaves v. State*, 139 Ga. App. 361 (1) (228 SE2d 383) (1976). The "other crime" evidence was properly admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. *State v. Johnson*, supra (1) and cit.

These enumerations of error are without merit.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED MARCH 4, 1986.

Mims & Henderson, Larry B. Mims, for appellant.

David E. Perry, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General, for appellee.