### 74164. MARKS v. THE STATE.
(357 SE2d 299)

McMurray, Presiding Judge.

Defendant appeals his convictions of theft by taking and of entering an automobile or other motor vehicle with intent to commit a theft. The offenses involve separate incidents and separate indictments, but upon defendant's waiver were tried jointly before the trial court without a jury. Defendant's sole enumeration of error questions the admission of evidence as to a prior conviction as a similar transaction. *Held*:

"Once the identity of the defendant is shown to be the same as that of the perpetrator of an independent crime of sufficient similarity that proof of that crime tends to prove the offense charged, evidence of the independent crime may be introduced to show identity, motive, plan, scheme, bent of mind and course of conduct. *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983); *Head v. State*, 246 Ga. 360 (271 SE2d 452) (1980); *Hamilton v. State*, 239 Ga. 72 (235 SE2d 515) (1977)." *Cunningham v. State*, 255 Ga. 35, 37 (4) (334 SE2d 656).

The independent crime at issue in the case sub judice is the defendant's 1981 conviction for theft by taking. In the 1981 case, the victim's automobile was taken from his home located about five blocks from the Georgia Tech campus. Shortly thereafter, police found the victim's automobile in the vicinity of Maddox Park. Defendant was seen going through the victim's automobile and was seen

to begin walking away carrying a battery. Defendant abandoned the battery in the course of making his escape, but was identified by a police officer whom he ran past.

The theft by taking conviction being appealed arises from the theft of an automobile from the area of the Georgia Tech campus. Defendant was seen in possession of the stolen automobile. When the stolen automobile was later recovered by police the battery and other items were missing.

Defendant's conviction for entering an automobile or other motor vehicle with intent to commit a theft arose from an incident in the vicinity of Maddox Park involving a truck parked on the side of a public street. The truck, which was used in a business, was parked across the street from the home of an employee of the owner of the truck. At about 5:15 or 5:20 a.m. the employee observed the hood up, and the doors open to the truck. After the employee yelled, the defendant dropped a briefcase he was carrying which had been under the seat in the truck. After some further shouting the defendant left. An examination of the truck revealed that a number of items under the seat of the truck and in the glove compartment had been disturbed. Also, the battery had been removed from the truck (the battery was not missing, but was found beside the truck and put back in the truck).

Identity of the defendant as the perpetrator of all three incidents is shown. In each incident it is apparent that defendant's goal was to remove from the motor vehicle and carry away valuable items, the motor vehicle's battery being removed in each incident. There was a geographical connection in that each crime involved the area of the Georgia Tech campus or Maddox Park or both. Also, in each case some portion, if not all, of defendant's criminal actions occurred during the early morning hours. The lapse of time between the similar transaction (1981) and the cases sub judice (1984 and 1986) was not so long as to require exclusion of the evidence as to the similar transaction. The State's evidence shows sufficient similarities between the incidents that the prior incident was admissible as to identity, motive, plan, scheme, bent of mind and course of conduct. Consequently, the trial court did not err in considering the prior transaction evidence for this limited purpose. *Cunningham v. State*, 255 Ga. 35, 37 (4), supra; *Gay v. State*, 179 Ga. App. 430, 432 (3) (346 SE2d 877).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MAY 12, 1987.

Viveca R. Burns, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E.

*Hicks, Assistant District Attorneys*, for appellee.