## 76038. MINCEY v. THE STATE.
(368 SE2d 796)

CARLEY, Judge.

    Appellant was tried before a jury and found guilty of armed robbery and kidnapping. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

    1. The trial court's denial of appellant's motion for new trial on the general grounds is enumerated as error.

    Appellant urges that the evidence did not authorize his armed robbery conviction, because the victim testified that the robber did not display a weapon but merely held an object underneath his shirt which the victim perceived to be a "silver" gun. OCGA § 16-8-41 (a) provides, in pertinent part: "A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article or *device having the appearance of such weapon.*" (Emphasis supplied.) The victim testified that, when appellant approached with his hand under his T-shirt, the victim was able to see silver metal which looked like a gun through a hole in appellant's T-shirt and that appellant told him "not to touch nothing or I'll shoot." This testimony is sufficient evidence of appellant's employment of "an offensive weapon . . . or device having the appearance of such weapon." OCGA § 16-8-41 (a). All of the elements of the crime of armed robbery were proven.

    Appellant further urges that he could not be convicted of both

kidnapping and armed robbery, because there was a merger of those offenses under the facts of this case. It has been held that the offenses of armed robbery and kidnapping can merge under certain factual situations. See *Haynes v. State*, 249 Ga. 119, 120 (2) (288 SE2d 185) (1982). There is, however, not an automatic merger simply because two offenses may arise from the same series of events. See *Chambley v. State*, 163 Ga. App. 502, 504 (2) (295 SE2d 166) (1982). The victim in the present case testified that, after appellant had put the money and cigarette cartons into a bag, appellant then instructed the victim "to come with him" and they exited the store. After leaving the store, the victim and appellant walked around the side of the store before appellant fled when an automobile stopped near them. "Since the kidnapping and the [armed] robbery were not the same as a matter of law or as a matter of fact, the trial court . . . correctly submitted the case to the jury with instructions on the law of kidnapping and [armed] robbery." *Chambley v. State*, supra at 505 (2).

Following a review of the entire record, we find that, as to both armed robbery and kidnapping, a rational trior of fact could reasonably have found from the evidence produced at trial, proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Over appellant's objection, the trial court admitted evidence of appellant's commission of other crimes. The trial court's ruling is enumerated as error, appellant's contention being that the evidence erroneously placed his character in issue.

" 'The admissibility of "other crime" evidence is a matter determined by the trial court. [Cit.]' [Cit.] The factors pertinent to a determination of the admissibility of the extrinsic crime are similarity, and relevance to the issues in the trial of the case. [Cits.] The prerequisite of evidence that the defendant was in fact the perpetrator of the independent crime ([cit.]) was met by the in-court identification[s] of [appellant] as the perpetrator. . . . The 'other crime' evidence was properly admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cit.]" *Harris v. State*, 255 Ga. 500, 502 (3) (340 SE2d 4) (1986). See also *Marks v. State*, 182 Ga. App. 846 (357 SE2d 299) (1987); *Cline v. State*, 178 Ga. App. 470, 473 (2) (343 SE2d 506) (1986). It follows that this enumeration is without merit.

3. A police officer testified that appellant was known to change his hairstyle frequently. Appellant moved for a mistrial, urging that his character had been placed into issue by this testimony. The denial of his motion for mistrial is enumerated as error.

There was conflicting testimony as to appellant's hairstyle at the times of the commission of the crimes, as well as at the various stages of the investigation and of the prosecution. Accordingly, the testi-

mony of the officer was relevant evidence and, if it placed appellant's character into issue at all, it did so only incidentally. The testimony did not, therefore, impermissibly place appellant's character in issue. See generally *Friar v. State*, 253 Ga. 87, 89 (3) (316 SE2d 466) (1984); *Daniels v. State*, 252 Ga. 30, 32 (6) (310 SE2d 904) (1984). See also *Brown v. State*, 257 Ga. 330, 331 (2) (357 SE2d 563) (1987).

4. The trial court sentenced appellant as a recidivist. Appellant enumerates his sentencing as error.

During the sentencing phase, the State proffered for admission into evidence certified copies of the three prior convictions, purportedly of appellant, which had been listed in the recidivist count of the indictment. Appellant objected on the ground that the State had a duty to prove that he was, in fact, the same person who was named in the proffered certified copies of conviction. "Appellant 'presented no evidence contradicting that he was the person named in the [relevant] documents. "Concordance of name alone is some evidence of identity. [Cit.] Further, 'in the absence of any denial by [appellant] and no proof to the contrary' this concordance of name is sufficient to show that [appellant] and the [individual] previously convicted were the·same person. [Cits.]" [Cit.]' [Cit.]. Accordingly, this enumeration is without merit." *Glass v. State*, 181 Ga. App. 448 (1) (352 SE2d 642) (1987).

Appellant further urges in support of this enumeration that the proffered prior convictions were based upon guilty pleas and the State failed to prove that those pleas had been intelligently and voluntarily made. *"[O]nce the defendant raises the issue* of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the [S]tate to establish a valid waiver." (Emphasis supplied.) *Pope v. State*, 256 Ga. 195, 209 (17) (345 SE2d 831) (1986). However, appellant did not raise this issue in the trial court. "Issues which were not raised in the trial court cannot be raised for the first time on appeal. [Cit.]" *Johnston v. State*, 178 Ga. App. 219, 222 (4) (342 SE2d 706) (1986).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 13, 1988.

*Michael G. Schiavone*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jeffrey T. Hendrix, Assistant District Attorney*, for appellee.