## S94A1619. JONES v. THE STATE.

(453 SE2d 716)

THOMPSON, Justice.

Rodriguez Antonio Jones was convicted of malice murder and possession of a firearm during the commission of a crime.[1] This appeal follows the denial of his motion for a new trial.

1. After off-duty employment, Sergeant Charles Hammock, of the Augusta Police Department, pulled into a parking space in his apartment complex. He was followed by a dark blue Ford Escort which pulled behind and blocked his vehicle. Three men emerged from the Escort and approached Hammock. One of the men had a gun; he shot and killed Hammock. Eyewitnesses subsequently identified the three men as defendant, Charles Boseman and Robert McIntyre.[2] McIntyre owned a dark blue Ford Escort.

After they took Hammock's wallet, the three men quickly returned to the Escort and fled the scene. Approximately 20 minutes later, at another apartment complex a short distance away, defendant got out of the Escort, approached Glen Settles, and said, "We just shot someone." The next day, Hammock's driver's license and credit cards were found in front of the home and body shop where defendant both lived and worked.

The evidence was sufficient to enable any rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of malice murder and possession of a firearm during the commission of a crime. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the course of the trial, Martin Jarrett was permitted to testify that two days after the murder, Boseman told him he knew who killed Hammock and that Boseman added: "That [defendant] had told him [Boseman] that he shot him." Defendant asserts Martin Jarrett's testimony was inadmissible hearsay and violated his right of confrontation. We disagree.

Defendant, Boseman and McIntyre were together on the night the murder took place, participated in the murder together, and immediately fled together. The concerted actions of defendant, Boseman and McIntyre were sufficient to establish a prima facie case of con-

---

[1] The homicide occurred on December 18, 1990. Defendant was indicted on March 12, 1991, and charged with malice murder, felony murder, armed robbery, and possession of a firearm during the commission of a crime. He was found guilty of malice murder, felony murder and possession of a firearm during the commission of a crime on May 28, 1993. He was sentenced the same day to life imprisonment for malice murder, and five years consecutive for the firearm possession offense. His motion for a new trial was filed on June 1, 1993 and denied on March 22, 1994. A notice of appeal was filed on April 8, 1994. The appeal was docketed on July 20, 1994. Oral arguments were heard on October 11, 1994.

[2] The three men were indicted jointly, but tried separately.

spiracy to commit the murder. *Duffy v. State*, 262 Ga. 249, 250 (416 SE2d 734) (1992); *Knight v. State*, 239 Ga. 594, 596-597 (238 SE2d 390) (1977). The declarations of a conspirator, made during the course of a conspiracy, including the concealment stage, are admissible against co-conspirators. *Duffy v. State*, supra.

Defendant argues that the State failed to establish the existence of a conspiracy because only one witness (who was fifteen years old at the time of the murder) was able to put defendant, Boseman and McIntyre together at the murder and that that witness's testimony was thoroughly impeached because it was inconsistent and implausible. This argument is without merit. Although the witness's testimony may have been somewhat inconsistent, it was consistent on the whole; and it was corroborated by other witnesses on key points. Only testimony which is wilfully and knowingly false must be disregarded in its entirety, *Fugitt v. State*, 251 Ga. 451 (307 SE2d 471) (1983), and the record did not disclose such testimony here. Thus, the weight and credit to be afforded the witness's testimony was a matter for the jury to determine. *Gilreath v. State*, 247 Ga. 814, 832 (14) (279 SE2d 650) (1981); OCGA § 24-9-85.

Defendant erroneously contends that the concealment stage of the conspiracy came to an end when Boseman made the statement to Jarrett. Although a conspirator's statement, which is made to police and incriminates a co-conspirator, brings the conspiracy to an end, *Crowder v. State*, 237 Ga. 141, 153 (227 SE2d 230) (1976), a like statement which is made to acquaintances does not. *Gay v. State*, 249 Ga. 747, 750 (294 SE2d 476) (1982); *Evans v. State*, 222 Ga. 392, 402 (150 SE2d 240) (1966); see *Brown v. State*, 262 Ga. 223, 225 (416 SE2d 508) (1992).

3. Defendant testified that he went straight home after work and stayed home all night. In a prior statement, defendant told Detective William Bobo that he went drinking after work with a friend and did not arrive home until 9:00 or 10:00 p.m. The State was permitted to introduce defendant's prior statement in rebuttal for purposes of impeachment.

Before admitting the prior statement, the trial court conducted a *Jackson v. Denno* hearing and determined that the statement was made in violation of defendant's *Miranda* rights, but was made voluntarily. The trial court concluded that the statement was admissible for impeachment purposes and instructed the jury (both before and after the statement was admitted) that the statement was to be considered only for the purpose of assessing defendant's credibility and not to establish his guilt.

Given the trial court's limiting instructions, we find no error in the admission of defendant's prior statement. *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971); *Jones v. State*, 243 Ga.

820, 826 (256 SE2d 907) (1979); see *Scott v. State*, 243 Ga. 233 (253 SE2d 698) (1979).

4. Over defendant's hearsay and right of confrontation objections, the trial court permitted Wallace Johnson to testify that he was on the scene within 30 minutes of the murder; that approximately 100 people had gathered there; and that he heard unidentified bystanders say that the perpetrators drove a "Ford Mustang or a Ford Escort, dark color." Assuming, arguendo, the statement was inadmissible hearsay, see OCGA § 24-3-3, and violated defendant's right of confrontation, we nevertheless find no reversible error.

> A constitutional error, [the right of confrontation] in this case, will not require reversal if it can be shown to the court beyond a reasonable doubt that the evidence did not contribute to the conviction. *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). The fact that there [was] other sufficient evidence to convict does not make the error harmless; rather, the test is whether the evidence may have influenced the jury's verdict. *Vaughn v. State*, 248 Ga. 127 (281 SE2d 594) (1981).

*Moore v. State*, 254 Ga. 674, 677 (333 SE2d 605) (1985). We have no hesitation in concluding that Wallace Johnson's testimony did not contribute to the conviction inasmuch as several eyewitnesses gave similar testimony with regard to the make and model of the getaway car. See *Welch v. State*, 237 Ga. 665, 676 (229 SE2d 390) (1976) (citing *Milton v. Wainwright*, 407 U. S. 371 (92 SC 2174, 33 LE2d 1) (1972), for the principle that a constitutional error can be deemed harmless in light of cumulative admissible evidence).

5. Three .38 caliber bullets found under Jones' bed were admitted into evidence on the strength of a policeman's testimony that Hammock's wounds were too big to have been made by a .22 caliber bullet and too small to have been made by a .45 caliber bullet. A firearms expert subsequently testified that it was virtually impossible to determine the caliber of a bullet that caused a wound by examining the wound. Thereupon, the trial court, sua sponte, determined that the bullets should not have been admitted into evidence and invited defendant to move to have the bullets excluded. Defendant so moved and the trial court granted the motion, explained to the jury why it was excluding the bullets, and directed the jury not to consider the bullets in any way.

Defendant asserts the admission of the bullets into evidence constituted prejudicial error which was not cured by the subsequent exclusion of the bullets. This issue is not properly before us because defendant failed to renew his objection or move for a mistrial after

the trial court's curative instruction was given. *Perkins v. State*, 260 Ga. 292, 295 (6) (392 SE2d 872) (1990).

6. We have considered defendant's final enumeration of error and find it to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1995.

*Tony L. Axam,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Assistant Attorney General,* for appellee.