## S96A0251. STARKS v. THE STATE.
(468 SE2d 376)

THOMPSON, Justice.
John Thomas Starks was convicted of malice murder, aggravated assault and possession of a firearm during commission of a crime. On direct appeal this Court affirmed in part, and remanded in part, for the limited purpose of clarifying who, after Starks had invoked his Sixth Amendment right to counsel, initiated a conversation with a probation officer which resulted in an inculpatory statement being used against him at trial. *Starks v. State,* 262 Ga. 244 (416 SE2d 520)

(1992).[1]

Defendant initially entered a guilty plea to involuntary manslaughter, which was later withdrawn due to dissatisfaction with the sentence recommendation. The evidence on remand showed that a pre-sentence interview was scheduled with a probation officer in accordance with the plea. However, that meeting was postponed when Starks expressed a desire to speak with his attorney. Starks reported back to the probation office several days later, as he was instructed. He told the officer that he did not want to discuss the case without the presence of his attorney, and that his attorney was unable to attend at that time. The probation officer told him that she preferred to get the information she needed without his attorney being present.[2] She then posed questions concerning the offense, to which Starks gave responses. During this interview he disclosed for the first time that he never saw the victim in possession of a weapon, that he panicked, and in an effort to cover up, he took a shotgun from his restaurant/tire shop and placed it in the victim's hand. In previous statements to the police, Starks claimed to have shot in self-defense after surprising an armed intruder at his shop, who threatened him with the weapon.

Based on the foregoing, the trial court concluded that the probation officer had initiated the conversation which led to the inculpatory statement. Starks filed a motion for new trial asserting that admission of the evidence constituted reversible error. The State responded that the error was rendered harmless beyond a reasonable doubt because (1) Starks testified at trial to facts which were essentially the same as those he had communicated to the probation officer and which had been used against him during the state's case-in-chief; and (2) the other evidence of guilt was overwhelming. The trial court agreed and denied the motion for new trial.[3]

In *Michigan v. Jackson*, 475 U. S. 625 (106 SC 1404, 89 LE2d 631) (1986), the court "established a prophylactic rule that once a criminal defendant invokes his Sixth Amendment right to counsel, a subsequent waiver of that right — even if voluntary, knowing, and intelligent under traditional standards — is presumed invalid if secured pursuant to police-initiated conversation." *Michigan v. Harvey,*

---

[1] The facts surrounding the crimes, the contents of Starks' custodial statements, and the statement to the probation officer are fully set out at *Starks*, supra, 262 Ga. at 244-245.

[2] The probation officer could not recall whether she discussed with Starks the confidential nature of her report. Starks testified on remand that he agreed to talk without an attorney only after being threatened with jail if he refused.

[3] A subsequent appeal was dismissed by this Court as untimely. *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). The trial court then granted an out-of-time appeal, a notice of appeal was timely filed, and the case was again docketed in this Court. *Starks*, supra, 262 Ga. 244.

494 U. S. 344, 345 (110 SC 1176, 108 LE2d 293) (1990).[4] As Starks' statement to the probation officer was elicited pursuant to government-initiated conversation, after the invocation of the right to counsel, it was inadmissible as substantive evidence in the state's case-in-chief. Id.; *Starks*, supra, 262 Ga. at 246.

In considering whether a federal constitutional error can be held to be harmless, the state must satisfy a reviewing court that the error was harmless beyond a reasonable doubt.[5] *Chapman v. California*, 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705) (1967). That burden has not been met.

The state's argument that Starks gave cumulative testimony during the defense case misses its mark. While the erroneous admission of testimony which is merely cumulative of *properly admitted* testimony may be deemed harmless, see *Jones v. State*, 265 Ga. 84 (453 SE2d 716) (1995), we are concerned here with testimony which may have been compelled by the admission of evidence which should have been excluded. Starks' decision to testify was likely based on the need to explain inconsistencies between the highly inculpatory testimony from the probation officer, and the two previous statements elicited from him during the police investigation, which were also introduced during the state's case-in-chief.[6] Had the statement to the probation officer been ruled inadmissible, Starks may well have exercised his right not to be a witness against himself.

"When the properly admitted evidence to sustain a guilty verdict is overwhelming so as to negate the possibility that the tainted evidence contributed to the verdict, the constitutional error may be harmless." *Ellis v. State*, 256 Ga. 751, 755 (2) (353 SE2d 19) (1987). See also *Jones*, supra. The remaining evidence consisted of Starks' statements to the effect that he shot the victim while defending his life and property, and the forensic evidence which did not conclusively disprove that theory. We have no hesitation in concluding that, "[a]bsent the constitutionally forbidden comments, honest, fair-minded jurors might very well have brought in not-guilty verdicts." *Chapman*, supra, 386 U. S. at 25. Because the improperly admitted evidence may well have influenced the verdict, the trial court erred in denying Starks' motion for new trial.

*Judgment reversed. All the Justices concur. Hunstein, J., disqualified.*

---

[4] *Michigan v. Harvey*, supra, held that the prosecution may use a statement obtained in violation of the *Jackson* rule to impeach a defendant's false or inconsistent testimony.

[5] As the court recognized in *Chapman v. California*, infra, 386 U. S. at 23, "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." We do not find the error herein so inherently offensive to due process so as to render the trial fundamentally unfair.

[6] See *Starks*, supra, 262 Ga. at 244.

DECIDED APRIL 8, 1996.

Claudia S. Saari, for appellant.

J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Allison B. Goldberg, Assistant Attorney General, for appellee.