## S05A0903. ODOM v. THE STATE.
### (619 SE2d 636)

MELTON, Justice.

James Stewart Odom was convicted of malice murder, aggravated assault, armed robbery, and possession of a firearm during the commission of a crime in connection with the stabbing death of Buford Evans, and he was also convicted of theft by conversion of a car belonging to Beverly Conway.[1] He appeals pursuant to the grant of his motion for an out-of-time appeal, challenging the sufficiency of the evidence supporting the crimes committed against Evans only. Finding no error, we affirm. The jury was authorized to find from the evidence adduced at trial that Odom borrowed a car from a friend. When he did not return with the car, the friend swore out a warrant.

---

[1] The homicide occurred sometime between November 9 and November 13, 2001. Odom and his co-defendant were indicted in the February 2003 term in Clayton County. A jury found Odom guilty on all counts except felony murder on September 12, 2003. He was sentenced on September 26, 2003 to life imprisonment for the malice murder, a consecutive ten years for armed robbery, a consecutive five years on the possession charge, and five years concurrent for theft. His motion for an out-of-time appeal, filed November 17, 2004, was granted January 26, 2005. A notice of appeal was filed January 31, 2005. The appeal was docketed February 16, 2005 and submitted for decision on the briefs.

While searching for the vehicle, the police ultimately discovered that, on the day of the crimes, Odom and his co-defendant, Bobby Gray, had been smoking crack cocaine and drinking until their money ran out. Odom and Gray then drove to Evans's home. While there, Evans was stabbed to death and his wallet and checkbook were stolen. Odom and Gray then spent the stolen money on more drugs.

Although Odom admits to being at the victim's home and sustaining an injury to his hand from the knife used to kill the victim, he claims that the crimes were committed solely by Gray. Based on this contention, Odom argues that the evidence was insufficient to support his conviction. "Every person concerned in the commission of a crime[, however,] is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). Therefore, contrary to Odom's assertion, there was ample evidence adduced that he either committed the crimes or was a party to the crimes, see OCGA § 16-2-20 (b), and the evidence was sufficient to enable a rational trier of fact to find him guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Todd E. Naugle, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.