S08A0079. BOSEMAN v. THE STATE.

(659 SE2d 364)

HUNSTEIN, Presiding Justice.

Charles Lee Boseman was convicted of malice murder in the shooting death of Augusta Police Sergeant Charles Hammock. He appeals from the denial of his motion for new trial[1] challenging the sufficiency of the evidence used to convict him, the denial of his motion to suppress his confession and the trial court's finding that his trial counsel provided effective assistance. For the reasons that follow, we affirm.

1. The evidence adduced at trial authorized the jury to find that appellant, after joining co-indictees McIntyre and Jones in consuming a case of beer, was riding around in McIntyre's blue Escort, which was equipped with distinctive rims. The men were in the parking lot of the apartment complex where appellant lived when Jones spotted the victim driving into the lot. Jones commented, "there goes one right there," and ordered McIntyre to turn the Escort around to follow the victim back into the parking lot. They were joined by the occupants of another car, who were friends and acquaintances of the men in the Escort. After McIntyre parked the car so it faced the exit of the complex, appellant and Jones walked over to the victim, who was sitting in his parked vehicle with the driver's side window rolled down. The men exchanged words and then Jones, who had a handgun in his right hand, shot the victim in the chest and took his wallet. The

---

[1] The crimes occurred on December 18, 1990. Boseman was indicted March 12, 1991, along with Rodriquez Antonio Jones and Robert Lee McIntyre, in Richmond County on charges of malice murder, felony murder (aggravated assault), armed robbery and possession of a firearm during the commission of a felony. In *Boseman v. State*, 263 Ga. 730 (438 SE2d 626) (1994) we affirmed the denial of his motion to dismiss based on an alleged speedy trial violation. Because the State originally had sought the death penalty, the co-indictees were tried separately; however, the State had abandoned a death penalty prosecution at the time Boseman was tried before a jury. Boseman was acquitted of armed robbery and found guilty of the remaining charges on April 21, 1994. He was sentenced on May 19, 1994 to life imprisonment for murder and a consecutive five year sentence on the possession charge, with the felony murder conviction vacated as a matter of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). His motion for new trial, filed May 19, 1994, was denied March 26, 1997. A notice of appeal was filed April 21, 1997. The appeal was docketed in this Court as Case No. S97A1894 and remanded on September 18, 1997 for a hearing on Boseman's ineffective assistance of counsel claim. A supplemental motion for new trial was filed August 7, 2006. The motion for new trial was denied February 21, 2007. A notice of appeal was filed March 9, 2007. The appeal was docketed September 14, 2007 and was submitted for decision on the briefs.

bullet destroyed part of the victim's heart and vessels coming out of the heart. Appellant and Jones walked back to the Escort and left the scene. Police officers responding to a 911 call placed by an eyewitness to the shooting found the victim dead, with his police badge visible on the front of his jacket, his keys in his right hand and his weapon still secured in its holster. The victim's wallet, empty of money but containing some credit cards, was found the following morning near the automotive body shop owned by Jones's father.[2]

After appellant told a friend that he knew it was Jones who shot the victim, the friend contacted the police. Police located appellant through his uncle, a local board of education police officer, and, at their request, appellant voluntarily went to the police station, accompanied by his uncle. Appellant was questioned for half an hour and then informed of his rights. After further questioning he was read his rights twice more; the second time was audio taped. In that taped statement appellant confessed that he was in the Escort when its occupants targeted the victim; that he accompanied Jones to the victim's vehicle; and that he was present when Jones shot and killed the victim. See generally *Walsh v. State*, 269 Ga. 427 (1) (499 SE2d 332) (1998) (confession is statement acknowledging all essential elements of guilt as party to crime). Appellant's taped statement was played for the jury. His version of the events was mostly consistent with those observed by an eyewitness to the shooting. Although that eyewitness was unable to identify the individuals involved, he testified that the distinctive rims on McIntyre's car matched those on the getaway car.

We hold that the evidence adduced at appellant's trial was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt as a party to the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Scott v. State*, 280 Ga. 466 (1) (629 SE2d 211) (2006). See also OCGA § 16-2-20 (a) ("[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime").

2. Appellant contends the trial court erred by denying his motion to suppress and admitting his taped statement in which he confessed his participation, as a party to the crime, in the killing of the victim. Appellant concedes that when the police officers came to his home in regard to the statements he had made to his friend, appellant voluntarily accompanied them to the police station. The evidence adduced by the State authorized the trial court to find that appellant

---

[2] Jones was tried separately and convicted of malice murder. His conviction was affirmed in *Jones v. State*, 265 Ga. 84 (453 SE2d 716) (1995).

was not viewed as a suspect at the time and that it was not until after 30 minutes of questioning that the investigating officer, Walden, suspected appellant had been personally involved in the shooting.[3] Walden then read appellant his rights and appellant orally acknowledged his understanding of those rights. When appellant continued to claim that he had only learned of the shooting from others, Walden left the room. Without prompting by the police, appellant's uncle went and talked to appellant. Fifteen minutes later, the uncle asked Walden to return, relaying that appellant "was ready to talk, and then he want[s] to go home." Appellant then admitted his involvement in the shooting to Walden and agreed to repeat his statement on tape. Walden went over appellant's rights for a second time and obtained his signature on a waiver of rights form just minutes before the taped interview was conducted. This interview began approximately four hours after appellant first arrived at the police station. Walden read appellant his rights for a third time at the start of the taped interview, which shows that appellant responded "yes" when asked "Do you understand these rights?" The evidence also authorized the trial court to find that appellant's uncle was present during most of the questioning; appellant was able to speak privately with his uncle on occasion; appellant was not under the influence of drugs or alcohol, and was not threatened or offered any hope of benefits; and appellant was not handcuffed or otherwise restrained prior to confessing to his participation in the shooting.

Appellant asserts that his statement was not knowing and voluntary, in that it was the result of his prolonged and coercive detention compounded by his limited intellect, which rendered him unable to understand the critical language in the rights read to him, and by his susceptibility to police pressure.

> Whether a defendant's waiver of rights is knowing and intelligent is to be determined based on the totality of the circumstances. [Cit.] The mere fact of below average intelligence or even moderate mental retardation is not by itself sufficient to justify exclusion of an inculpatory statement, without additional evidence that the defendant lacked the capacity to understand and knowingly waive his rights. [Cits.]

---

[3] Walden testified that appellant's answers included a detailed identification of all of the parties involved in the shooting except for the occupant of the Escort's rear seat. Walden knew, from the eyewitness's account, that the rear seat occupant was involved in the shooting. Appellant's inability to identify that one individual made Walden suspect that appellant was the person in the Escort's back seat.

358

*Height v. State*, 281 Ga. 727, 728 (2) (642 SE2d 812) (2007). In support of his assertion, appellant adduced the testimony of a licensed psychologist, who assessed appellant in 1991. The psychologist, however, found that appellant was not mentally retarded but was instead in the borderline range of intelligence. While the expert opined that appellant was not able to fully understand all of the rights read to him, was emotionally immature and was susceptible to influence by others,[4] the trial court had before it appellant's taped statement, in which appellant was able to provide some involved explanations to the police as to the activities occurring in the crime; the testimony by Walden, who questioned appellant and saw no confusion in appellant about his rights; and the testimony by appellant's uncle that appellant never indicated he felt that he had to talk to the police.

"This Court is to accept a trial court's factual and credibility findings as to the voluntariness of custodial statements unless they are clearly erroneous, and in this case, there is evidence to support the trial court's determination that [appellant's] inculpatory statements were voluntarily made. [Cit.]" *Lyons v. State*, 282 Ga. 588, 596 (6) (652 SE2d 525) (2007). We find no error in the trial court's denial of appellant's motion to suppress and the admission of his confession.

3. Appellant contends that counsel was ineffective for failing to present evidence that another individual confessed to the crime. In order to prevail on a claim that counsel was ineffective for failing to call a witness, a defendant must show both prongs of the *Strickland* test, i.e., that counsel's performance was deficient and that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial transcript reflects that trial counsel was well aware of the third party's confession. When counsel attempted to raise the issue of the confession, the trial court recalled it had excluded any testimony by the third party and others who heard the alleged confession at the earlier trial of appellant's co-indictee based on the absence of the requisite indicia of reliability and reiterated that ruling in appellant's case.[5] Trial counsel was able to use the third party's confession at trial to challenge the thoroughness of the police investigation of the shooting during the cross-examination of the lead detective on the case.

---

[4] The psychologist testified both at the 1992 hearing on appellant's motion and at the 1994 trial.

[5] Appellant has not enumerated any error on appeal regarding that ruling.

On appellant's motion for new trial, trial counsel testified by deposition that the focus of the defense was to challenge the voluntariness of appellant's taped statement in which he confessed to all of the essential elements of his guilt as party to the crime of murder. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v. Washington,* supra, 466 U. S. at 689 (III) (A).

> "The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel." [Cit.]

*DeYoung v. State,* 268 Ga. 780, 785-786 (5) (493 SE2d 157) (1997). Appellant has failed to show that trial counsel's strategic decision in this regard was an unreasonable one no competent attorney would have made under similar circumstances. See generally *Jackson v. State,* 278 Ga. 235 (5) (a) (599 SE2d 129) (2004). Furthermore, appellant has failed to show that his defense was prejudiced by trial counsel's decision not to call the third party, based on counsel's assessment that the confession lacked "a whole lot of credibility," because appellant failed to adduce the testimony of the third party at the hearing on the motion for new trial or present a legally acceptable substitute for his direct testimony. See *Dickens v. State,* 280 Ga. 320 (2) (627 SE2d 587) (2006). Under these circumstances, ineffective assistance of counsel has not been shown.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 31, 2008.

*Peter D. Johnson,* for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary N. Kimmey, Assistant Attorney General,* for appellee.