## A11A1084. JORDAN v. THE STATE.
(716 SE2d 579)

SMITH, Presiding Judge.

Charles Michael Jordan and a co-defendant were found guilty of robbery. Jordan's motion for new trial was denied, and he appeals, asserting only the general grounds. We find no error and affirm.

In two enumerations of error, Jordan raises the sufficiency of the evidence. In his abbreviated argument, he contends that he was merely an innocent passenger in his co-defendant's car and did not participate in the robbery. But he and his co-defendant were present at the victim's place of business where she obtained a large amount of cash before leaving for the day. When the victim noticed a white car with two occupants following her, she was concerned because one of her co-workers had been beaten and robbed the day before by two men in a white car. She pulled into a gas station to let them pass by and waited for five minutes before she went into the station to pay for her gas. But when she came out, the white car with two occupants was parked right beside her. The passenger, whom she identified as Jordan, spoke to her and "asked me where my man was." The victim told the police that she believed "the passenger was distracting her while the driver came at her." The driver then approached her, offered her a business card, and then punched her in the face and took her purse.

The police arrived within a few minutes, and after a short chase, the driver abandoned the car but Jordan was apprehended. He was "bent over in the car," and when a police officer looked into the vehicle Jordan was "picking up something in the floorboard." The officer testified that it "looked like he was picking up money but I'm not a hundred percent sure what he picked up." Two $100 bills and a matchbook from the victim's place of business were found on the floorboard where Jordan was sitting. The victim's purse was found on the shoulder of the road approximately 50 yards from where the car stopped. When the police brought Jordan back to the station, he spontaneously exclaimed to the victim, "You know I ain't the one that robbed you. I'm just the one that talked to you."

We find the evidence sufficient to uphold the convictions under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Scott v. State,* 280 Ga. 466, 466-467 (1) (629 SE2d 211) (2006) ("Criminal intent may be inferred from conduct before, during, and after a crime in question. [Cit.]"); *Russell v. State*, 236 Ga. App. 645, 646-647 (1) (512 SE2d 913) (1999) (that appellant entered store first and spoke to victim, sat quietly while co-defendant robbed victim, and left with co-defendant in his truck "provided ample evidence to authorize the jury to find him guilty of armed robbery as a party to the crime").

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED AUGUST 26, 2011.

*Gerald P. Privin, Amanda R. Flora*, for appellant.
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.