74589. IN THE INTEREST OF C. S. M.
(361 SE2d 16)

CARLEY, Judge.

Appellant was adjudged to be delinquent by an order of the juvenile court which was entered on October 6, 1986. Within 30 days thereafter, appellant neither filed a notice of appeal pursuant to OCGA § 5-6-38, nor sought an extension of time for filing a notice of appeal pursuant to OCGA § 5-6-39. Instead, on January 7, 1987, the juvenile court entered an order purporting to grant appellant an extension of time for filing a notice of appeal and, on that same day, appellant filed his notice of appeal. Pursuant to his January 7, 1987 notice of appeal, appellant appeals from the October 6, 1986 order wherein he was adjudged to be delinquent.

The initial issue for resolution is whether this court has jurisdiction to consider this appeal. " 'The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. [Cit.]' [Cit.]" (Emphasis in original.) *Knox v. State*, 180 Ga. App. 564, 565 (349 SE2d 753) (1986).

No viable extension of the 30-day period within which appellant was otherwise required to file his notice of appeal has ever been granted in this case. "Any application to any court, justice, or judge for an extension must be made before expiration of the period for filing as originally prescribed. . . ." OCGA § 5-6-39 (d). The only extension of time that appears of record in this case is one which was granted on January 7, 1987, long after the expiration of the 30-day period "originally prescribed" for the filing of a notice of appeal from

the juvenile court's order of October 6, 1986. "[W]hen no application for extension of the time was made within the time prescribed by the statute, no valid order extending it could have been made, and the effort to give an order made after that time retroactive effect is unavailing." *Baxter v. Long*, 122 Ga. App. 500, 502 (4) (177 SE2d 712) (1970). Even assuming that a timely extension had been sought and secured from the juvenile court within 30 days of October 6, 1986, the notice of appeal that appellant filed on January 7, 1987 would nevertheless be untimely. "Only one extension of time shall be granted for filing of a notice of appeal . . . , and the extension shall not exceed the time otherwise allowed for the filing of the [notice] initially." OCGA § 5-6-39 (c). Thus, the juvenile court would have been authorized to grant only one 30-day extension and, had such an extension been timely sought and granted, appellant's notice of appeal was filed long after that extension would otherwise have expired. See *Smith v. Smith*, 113 Ga. App. 111 (2, 3) (147 SE2d 466) (1966); *Hamby v. State*, 162 Ga. App. 348 (291 SE2d 724) (1982).

Appellant "is not asserting any error of counsel in perfecting this appeal which might mandate this court to examine the merits under the authority of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985). By [appellant's] failure to follow the required procedure, he has forfeited this review of his [adjudication of delinquency] on the merits. [Cits.]" *Knox v. State*, supra at 565. See also *Rimes v. State*, 182 Ga. App. 721 (356 SE2d 897) (1987).

*Appeal dismissed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*Joseph J. Saia, Lisa H. Richardson*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.