77699. ROCKDALE COUNTY v. WATER RIGHTS COMMITTEE, INC. et al.
77700. WATER RIGHTS COMMITTEE, INC. et al. v. ROCKDALE COUNTY et al.
(377 SE2d 730)

BENHAM, Judge.

The trial court permitted The Water Rights Committee (WRC) and an individual to intervene in the lawsuit Rockdale County had filed against the City of Conyers. A week later, the trial court dismissed the lawsuit and directed the parties to arbitrate. Following the trial court's denial of motions to set aside and to reconsider, Rockdale County, the WRC, and the individual filed these appeals.

"The initial issue for resolution is whether this court has jurisdiction to consider [these] appeal[s]. The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. [Cit.]" *In the Interest of C. S. M.*, 184 Ga. App. 125 (361 SE2d 16) (1987).

In the case at bar, the trial court entered its final judgment on March 28, 1988. On April 7, the WRC and the individual filed motions to set aside the judgment; to reconsider; and to extend the time for filing an appeal. On April 15, the trial court granted to all parties an extension to file an appeal "for thirty (30) days from the date rulings on the motions [to set aside and to reconsider] are signed and filed with the Superior Court Clerk. . . ." The trial court denied the motions to set aside and reconsider on June 6; Rockdale County filed its notice of appeal on June 30, and the WRC and the individual filed their notice of appeal on July 1.

"A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-38 (a).

"Any judge of the trial court . . . may, in his discretion, . . . grant extensions of time for the filing of: . . . Notice of appeal . . . Only one extension of time shall be granted for filing of a notice of appeal . . . , and the extension shall not exceed the time otherwise allowed for the filing of the notices initially." OCGA § 5-6-39 (a), (c).

"Under [OCGA § 5-6-39], neither the trial court nor this court has jurisdiction to grant an extension of more than 30 days for the filing of a notice of appeal." *Smith v. Smith*, 113 Ga. App. 111 (2) (147 SE2d 466) (1966). The trial court's order of April 15 "was an ineffective nullity insofar as it purported to grant an extension for a period of time greater than 30 days. Such an extension in excess of 30 days would be in violation of [OCGA § 5-6-39]." *Parker v. State*, 156 Ga. App. 299, 300 (274 SE2d 694) (1980). Thus, the parties cannot rely on the trial court's order as authority for extending the time for filing their notices of appeal. Cf. *Cranman Ins. Agency v. Wilson Marine &c. Svc.*, 147 Ga. App. 590, 591 (249 SE2d 631) (1978).

The WRC and the individual also filed a motion to reconsider and a motion to set aside the judgment. Neither motion is enumerated in OCGA § 5-6-38 as one which extends the time for filing a notice of appeal. "An appeal from a judgment denying a motion for reconsideration of a [final] judgment order rendered more than 30 days before the notice of appeal is not timely." *Bartlett v. Hembree*, 177 Ga. App. 253, 254 (339 SE2d 338) (1985). A motion to set aside, while not enumerated in OCGA § 5-6-38, "is itself, when overruled, appealable. . . ." *Johnson v. Barnes*, 237 Ga. 502, 503-04 (229 SE2d 70) (1976). However, "[a] motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record on pleadings, unless the defect involves a jurisdictional error. . . ." OCGA § 9-11-60 (d). The motion to set aside filed by the WRC and the individual "was not predicated upon a nonamendable defect or a lack of jurisdiction. The motion was nothing more than a request for a reconsideration of the trial court's [final] judgment award. [Cit.] Accordingly, the motion did not extend the time for the filing of a notice of appeal from the [March 28] order . . . Inasmuch as the appeal is not timely, it must be dismissed." *Miller v. Bank of the South*, 177 Ga. App. 42 (1) (338 SE2d 436) (1985).

*Appeals dismissed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 19, 1989.

*Maddox, Starnes & Nix, John A. Nix*, for Rockdale County.

*Lance & Associates, F. Jack Lance, D. Suzanne Moon*, for Water Rights Committee.

*Barksdale & Barksdale, Wales F. Barksdale, Mary Carole*

*Cooney*, for City of Conyers.