### A90A0642. KENNEDY v. THE STATE.
#### (395 SE2d 270)

DEEN, Presiding Judge.

A Chatham County jury found appellant Kennedy guilty of the offenses of armed robbery, possession of a firearm during the commission of armed robbery, aggravated assault upon a police officer, and possession of a firearm during the commission of aggravated assault. After denial of his motion for new trial, Kennedy appeals, enumerating two errors: (1) the convictions and sentences for Counts 3 and 9 (those specifying possession of a firearm during commission of a felony) violate the double jeopardy clause of the Fifth Amendment; and (2) allegedly incomplete jury instructions on aggravated assault caused appellant's right to a unanimous jury verdict to be denied. *Held*:

1. Georgia courts have expressly ruled contrary to appellant's contention in his first enumeration of error. "Where a robbery is committed by the use of a firearm, separate convictions for armed robbery and possession of a firearm during the commission of a crime are specifically authorized by OCGA § 16-11-106 (e)." *McMachren v. State*, 187 Ga. App. 793, 796 (371 SE2d 445) (1988). Moreover, there is no double jeopardy problem: " 'The offense of possession of a firearm during the commission of a felony does not merge into the felony upon convictions for both. In 1976, the General Assembly amended Ga. Code Ann. § 26-9908a [OCGA § 16-11-106], the Code section which defines the offense of possession of a firearm during the commission of a felony. The amendment provides: "Notwithstanding any prior court decision to the contrary, any crime committed in violation of this section shall be considered a separate offense." [Cit.]' "Thus there is express legislative intent to impose double punishment for conduct which violates both [OCGA § 16-11-106] and other felony statutes." *Wilson v. Zant*, 249 Ga. 373, 380 (290 SE2d 422) (1982)." *Miller v. State*, 250 Ga. 436, 437 (298 SE2d 509) (1983), quoting *Wiley v. State*, 250 Ga. 343 (296 SE2d 714) (1982).

Thus it has been held that separate convictions for possession of a firearm and armed robbery violate neither Georgia statutes nor the Georgia Constitution. Likewise, citing United States Supreme Court decisions, including *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932), Georgia's Supreme Court held in *Wilson v. Zant*, supra at 379, 380: "[C]onvictions for both murder and possession of a firearm during the commission of a felony are not con-

stitutionally prohibited . . . because the two offenses . . . have distinct statutory elements . . . [A]s we have previously noted, our statutory, substantive double jeopardy provisions . . . have expanded the proscription against multiple punishment for the same conduct beyond that required by the United States and Georgia Constitutions . . . Yet . . . [the 1976 amendment to Code Ann. § 26-9908a, now OCGA § 16-11-106] provides: 'Notwithstanding any prior court decision to the contrary, any crime committed in violation of this section shall be considered a separate offense.' . . . As we have already noted, such double punishment is not constitutionally prohibited."

We find no merit in appellant's first enumeration.

2. Scrutiny of the record indicates that appellant did not make a timely submission of his requests for jury instructions but proffered them after the close of the evidence.

According to the trial transcript, the court gave individual instructions on each of the two counts of aggravated assault with which appellant had originally been charged in the indictment; each instruction was appropriate to the count to which it pertained. Moreover, the transcript reveals, the court expressly stated to the jurors: "In any of these verdicts that I'm going to talk about, your verdicts must be unanimous [in order] to convict." We find appellant's second enumeration also to be devoid of merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MAY 29, 1990.

*Kenneth Kondritzer*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.