## A93A1224. WITHMAN v. THE STATE.
### (435 SE2d 519)

Smith, Judge.

Robert Withman was convicted of child molestation. In his sole enumeration of error, he contends his conviction must be reversed because the State failed to prove venue.

The evidence at trial showed that in the summer of 1992, the victim's mother and her boyfriend had allowed Withman to share their trailer for a few weeks. Neighbors testified they had observed Withman behaving inappropriately toward the child — touching her, rubbing her, kissing her, and hugging her. The victim's mother testified that she had become suspicious because Withman had appeared "too friendly" with her daughter and had instructed the child to stay away from Withman. Because of her suspicions, she asked a neighbor, Donna Duncan, to care for the child while she was at work. Duncan testified that Withman frequently visited when she kept the child. According to Duncan, on such occasions Withman would ask the victim to sit in his lap and would hug her inappropriately. Another neighbor testified that she decided to speak with the victim's mother about Withman's inappropriate behavior.

When asked by her mother, the victim stated that Withman had been "messing with" her genital area. The mother testified that the victim had told her this had happened in a car, at the trailer, and around the trailer park. When asked to elaborate on the incident in a car, the victim stated that it had occurred when she had driven with her mother's boyfriend and Withman from Milledgeville to Macon to pick up her mother and Withman's girl friend from work. On the way home, when his girl friend fell asleep Withman had placed his hands between the victim's legs.

The victim testified that this touching had occurred only once, in the car coming home from Macon. She testified that Withman told her not to tell.

The investigating police officer confirmed that the victim had told her that Withman touched her buttocks and breasts, and that in the car on the way home from Macon he was "playing in her vaginal area." The officer also testified that after Withman had been advised

of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), he stated that he could not deny having touched the victim on her buttocks and breasts.

Even focusing exclusively on the incident in the car and ignoring the other incidents described, as does Withman in his brief, we do not agree that the State failed to prove venue. Although the victim testified she did not know where the car was when Withman touched her, OCGA § 17-2-2 (e) provides that "[i]f a crime is committed upon any . . . vehicle . . . traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the . . . vehicle . . . has traveled." The adults who were in the car at that time testified that the car was driven from Macon to Milledgeville through Gray, a route that included Baldwin County.

The court charged the jury that the State was obligated to prove venue beyond a reasonable doubt, and that this could be done by direct or circumstantial evidence. The jury was also properly instructed on OCGA § 17-2-2 (e). See *Taylor v. State*, 183 Ga. App. 314, 317-318 (12) (358 SE2d 845) (1987). Sufficient proof of venue existed to support the verdict.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 1, 1993.

*J. Philip Carr*, for appellant.
*Joseph H. Briley, District Attorney*, for appellee.