## A94A1218. TENNESSON v. THE STATE.
(447 SE2d 152)

McMurray, Presiding Judge.

Defendant Tennesson appeals his conviction of the offenses of reckless driving (OCGA § 40-6-390), fleeing or attempting to elude a police officer (OCGA § 40-6-395), and failing to fulfill the duty placed upon a driver striking a fixture legally adjacent to a highway (OCGA § 40-6-272). The sole enumeration of error contends that the trial court erred in denying defendant's motion for mistrial. *Held*:

Defendant's motion for mistrial, submitted immediately following the return of the jury's verdict, was predicated on the contention that the trial was a nullity because the accusations had not been signed by the prosecutor or filed with the clerk of the trial court. " 'One who waives the right to be tried upon an indictment perfect in form and substance by failing to demur and takes his chances on an acquittal will not be heard after conviction to urge defects in the indictment unless the defects are so great that the indictment is absolutely void. (Cits.) . . . Every indictment or accusation shall be deemed sufficiently technical and correct which states the offense in the terms of the Code or so plainly that the nature of the offense charged may be easily understood by the jury. [OCGA § 17-7-54] . . .' *Mealor v. State*, 135 Ga. App. 682, 683 (218 SE2d 683) (1975)." *Dotson v. State*, 160 Ga. App. 898, 899 (2) (288 SE2d 608). The accusations in this case set out the elements of the offenses charged, and the nature of the offenses charged was easily understandable.

Additionally, we must add that while the record does not clearly establish any failure to file the accusation, any such failure was a mere irregularity and would not render the accusations void. *Youmans v. State*, 51 Ga. App. 373 (1, 2) (180 SE 495). Similarly, the Supreme Court of Georgia has held that the failure of the prosecutor to sign an accusation does not render it void. *Cook v. Walker*, 161 Ga. 551 (1, 2) (131 SE 288). Defendant's reliance upon the decision of this Court in *Roberts v. State*, 171 Ga. App. 131, 132 (1) (319 SE2d 42) is misplaced as that case may be distinguished on the facts and by reliance there on authority relating to the absence of a signature on a required affidavit, which does render an accusation void.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED JULY 21, 1994.

*Guy E. Davis, Jr.*, for appellant.

*H. Pierre, Jr.*, for appellee.