A96A1505. DILLARD v. THE STATE.
A96A1506. BOLDEN v. THE STATE.
(477 SE2d 674)

McMURRAY, Presiding Judge.

Defendants Dillard and Bolden appeal their convictions of the offenses of armed robbery, kidnapping, hijacking a motor vehicle, rape, and aggravated assault (with intent to rape). *Held*:

1. Defendant Dillard's appeal in Case No. A96A1505 must be dismissed. An order denying defendant Dillard's motion for new trial was entered on December 14, 1995. On January 11, 1996, defendant Dillard filed a motion in accordance with OCGA § 5-6-39 (a) (1), and seeking a 30-day extension for the filing of a notice of appeal. This motion was granted by an order entered on January 18, 1996. OCGA § 5-6-39 provides no jurisdiction to either the trial court or this Court to grant an extension of more than 30 days for the filing of a notice of appeal. *Rockdale County v. Water Rights Committee,* 189 Ga. App. 873, 874 (377 SE2d 730). Thus, the deadline for the filing of the notice of appeal became the 60th rather than the 30th day following the entry of the denial of the motion for new trial. That deadline was February 12, 1996, yet defendant Dillard's notice of appeal was not filed until February 19, 1996. Inasmuch as defendant Dillard's appeal is not timely, it must be dismissed.

2. The remaining issues are those raised by Bolden in Case No. A96A1506. Bolden contends that the State failed to prove venue in Clarke County with regard to the offense of rape.

Bolden and co-defendant Campbell (whose appeal is Case No. A96A1709) were accused of an offense of rape (as parties thereto) which was actually perpetrated by Dillard. The victim stopped briefly at a grocery store in Clarke County just past midnight. As the victim returned to her car in the grocery store parking lot, she was forced into the back seat of her vehicle with Bolden. After Dillard was unable to drive her manual transmission car, he replaced Bolden in the back seat and Bolden drove. Campbell followed in his own car. The vehicles proceeded for a period of time and then stopped on a dirt road where the victim was repeatedly sexually assaulted by all three of her abductors. These sexual assaults included a rape of the victim by Dillard. Campbell then left in his separate vehicle while Bolden,

Dillard, and the victim continued to Florida. The victim was released in Florida. In his statement to police, Campbell provided detailed information concerning the route taken by the two vehicles after they left the grocery store parking lot and identified a location in Morgan County where the dirt road stop had occurred. The victim was forced to lie down in the back seat of her car, therefore she saw little of where the car went during the interval immediately following her abduction, and did not recognize the place on a dirt road where the vehicle was stopped and she was sexually assaulted.

In response to defendants' motions for directed verdict and new trial questioning whether the Clarke County venue had been proven, the State has relied upon OCGA § 17-2-2 (e) which provides that: "If a crime is committed upon any . . . vehicle . . . traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the . . . vehicle . . . has traveled." This brings us to the question of whether the jury was obliged to accept, as accurate, the evidence from Campbell's statement concerning the location of the dirt road site, or whether the jury was authorized to disregard that evidence. While the jury may not arbitrarily disregard uncontradicted evidence from a credible witness, there was sufficient contradiction of other portions of Campbell's statement as to place in the hands of the jury all issues concerning the weight and credit to be afforded the evidence concerning that statement. *Jones v. State*, 265 Ga. 84 (2), 85 (453 SE2d 716); *Davis v. State*, 242 Ga. 901, 907 (8) (252 SE2d 443). Thus, the jury was authorized to reject that portion of Campbell's statement relating to the site of the sexual crimes.

The remaining venue evidence would then be the victim's testimony that the vehicle traveled for a time while making many turns so that she did not know where the site at which they stopped was located. This, combined with the evidence that the abduction had taken place in Clarke County would amount to sufficient proof that the rape of the victim by Dillard could have occurred in Clarke County. *Withman v. State*, 210 Ga. App. 159 (435 SE2d 519).

3. Next, Bolden contends the trial court erred in sentencing him consecutively for the armed robbery conviction and for the hijacking a motor vehicle conviction because both convictions are based on the same conduct and thus merge. While they maintain that their sentences are prohibited by state law double jeopardy provisions, particularly OCGA § 16-1-7, the prosecution maintains that these provisions are superseded by OCGA § 16-5-44.1 (d) which provides that: "The offense of hijacking a motor vehicle shall be considered a separate offense and shall not merge with any other offense." The prosecution's view being well supported by the rationale of the deci-

sion in *Miller v. State*, 250 Ga. 436 (298 SE2d 509), we find no error in the punishment imposed. See also *Wiley v. State*, 250 Ga. 343, 351 (6) (296 SE2d 714); *Wilson v. Zant*, 249 Ga. 373, 380 (2) (290 SE2d 442); *State v. Estevez*, 232 Ga. 316 (206 SE2d 475); *Clark v. State*, 206 Ga. App. 10, 11 (1) (424 SE2d 310); *Kennedy v. State*, 195 Ga. App. 795 (1) (395 SE2d 270); and *Glover v. State*, 192 Ga. App. 798, 800 (1) (386 SE2d 699).

4. Bolden's final enumeration of error contends that there was no proof at trial that the victim's automobile was taken from her person or immediate presence so as to constitute armed robbery. This contention is also based on that element of armed robbery which requires that the property be taken "from the person or the immediate presence of another," and on the evidence at trial that the victim remained in or near the vehicle at all times following the abduction. See OCGA § 16-8-41. However, this element is satisfied by the slightest change of location whereby dominion of the property is (even temporarily) transferred from the victim to the perpetrator. *James v. State*, 232 Ga. 834, 835 (209 SE2d 176). Such a taking clearly occurred in the case sub judice. Consequently, a rational trier of fact was authorized to find defendant Bolden guilty beyond a reasonable doubt of the offense of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed in Case No. A96A1506. Appeal dismissed in Case No. A96A1505. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 30, 1996 — 

*Jimmie E. Baggett, Jr.*, for appellant (case no. A96A1505).

*McArthur & McArthur, John J. McArthur*, for appellant (case no. A96A1506).

*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellee.