## A96A1709. CAMPBELL v. THE STATE.
(477 SE2d 905)

McMurray, Presiding Judge.

Defendant Campbell appeals his conviction of the offenses of armed robbery, kidnapping, hijacking a motor vehicle, rape, and aggravated assault (with intent to rape). *Held*:

1. Campbell contends that the State failed to prove venue in Clarke County with regard to the offense of rape. Co-defendant Bolden and Campbell were accused of an offense of rape (as parties thereto) which was actually perpetrated by co-defendant Dillard. (The appeals of the co-defendants are Case Nos. A96A1505 and A96A1506.) The victim stopped briefly at a grocery store in Clarke County just past midnight. As the victim returned to her car in the grocery store parking lot, she was forced into the back seat of her vehicle with Bolden. After Dillard was unable to drive her manual transmission car, he replaced Bolden in the back seat, and Bolden drove. Campbell followed in his own car. The vehicles proceeded for a period of time and then stopped on a dirt road where the victim was repeatedly sexually assaulted by all three of her abductors. These sexual assaults included a rape of the victim by Dillard. Campbell then left in his separate vehicle while Bolden, Dillard, and the victim continued to Florida. The victim was released in Florida.

In his statement to police, Campbell provided detailed information concerning the route taken by the two vehicles after they left the grocery store parking lot and identified a location in Morgan County where the dirt road stop had occurred. The victim was forced to lie down in the back seat of her car; therefore, she saw little of where the car went during the interval immediately following her abduction and did not recognize the place on a dirt road where the vehicle was stopped and she was sexually assaulted.

In response to motions for directed verdict and new trial questioning whether the Clarke County venue had been proven, the State has relied upon OCGA § 17-2-2 (e) which provides that: "If a crime is committed upon any . . . vehicle . . . traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the . . . vehicle . . . has traveled." This brings us to the question of whether the jury was obliged to accept, as accurate, the evidence from Campbell's statement concerning the location of the dirt road site, or whether the jury was authorized to disregard that evidence. While the jury may not arbitrarily disregard uncontradicted evidence from a credible witness, there was sufficient contradiction of other portions of Campbell's statement as to place in the hands of the jury all issues concerning the weight and credit to be afforded the

evidence concerning that statement. *Jones v. State*, 265 Ga. 84 (2), 85 (453 SE2d 716); *Davis v. State*, 242 Ga. 901, 907 (8) (252 SE2d 443). Thus, the jury was authorized to reject that portion of Campbell's statement relating to the site of the sexual crimes.

The remaining venue evidence would then be the victim's testimony that the vehicle traveled for a time while making many turns so that she did not know where the site at which they stopped was located. This, combined with the evidence that the abduction had taken place in Clarke County would amount to sufficient proof that the rape of the victim by Dillard could have occurred in Clarke County. *Withman v. State*, 210 Ga. App. 159 (435 SE2d 519).

2. Next, Campbell contends the trial court erred in sentencing him consecutively for the armed robbery conviction and for the hijacking a motor vehicle conviction because both convictions are based on the same conduct and thus merge. While he maintains that his sentence is prohibited by state law double jeopardy provisions, particularly OCGA § 16-1-7, the prosecution maintains that these provisions are superseded by OCGA § 16-5-44.1 (d) which provides that: "The offense of hijacking a motor vehicle shall be considered a separate offense and shall not merge with any other offense." The prosecution's view being well supported by the rationale of the decision in *Miller v. State*, 250 Ga. 436 (298 SE2d 509), we find no error in the punishment imposed. See also *Wiley v. State*, 250 Ga. 343, 351 (6) (296 SE2d 714); *Wilson v. Zant*, 249 Ga. 373, 379-380 (2) (290 SE2d 442); *State v. Estevez*, 232 Ga. 316 (206 SE2d 475); *Clark v. State*, 206 Ga. App. 10, 11 (1) (424 SE2d 310); *Kennedy v. State*, 195 Ga. App. 795 (1) (395 SE2d 270); and *Glover v. State*, 192 Ga. App. 798, 800 (1) (386 SE2d 699).

3. Campbell's final enumeration of error complains of the denial of his motion for arrest of judgment as to the armed robbery charge. This motion is predicated upon an alleged defect in the indictment. A motion to arrest judgment due to a defective indictment should be granted only where the indictment is absolutely void. *Staples v. State*, 199 Ga. App. 551, 552 (405 SE2d 551). Campbell contends that the indictment is void because it omits an essential element of the crime of armed robbery, that the taking of property is "from the person or the immediate presence of another." See OCGA § 16-8-41.

The indictment alleges the offense of "armed robbery" in that the defendants "with the intent to commit a theft, did take property, a Plymouth Sundance four (4) door automobile, . . . by use of a knife, an offensive weapon." While it is not explicitly stated in the indictment that the vehicle was taken from the person or immediate presence of another, such is necessarily inferred from the allegation of a use of an offensive weapon to accomplish the taking. It should also be recognized that the alleged offense of "armed robbery" can be accom-

plished only via a taking from the person or immediate presence of another. Considering the allegations of the indictment as a whole, there was no failure to allege all of the elements of the crime of armed robbery. There can be no reasonable doubt that Campbell was sufficiently informed of the charges against him and also protected from subsequent prosecution for the same crime. The trial court did not err in denying defendant Campbell's motion for arrest of judgment. *Tennesson v. State*, 214 Ga. App. 103 (447 SE2d 152); *Hammock v. State*, 201 Ga. App. 614 (1), 616 (411 SE2d 743); *State v. Howell*, 194 Ga. App. 594 (391 SE2d 415); *Houston v. State*, 189 Ga. App. 61 (1), 62 (375 SE2d 239).

*Judgment affirmed. Johnson, J., and Judge Marvin W. Sorrells concur. Ruffin, J., not participating.*

DECIDED NOVEMBER 6, 1996.

*Tony L. Axam*, for appellant.
*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellee.