## S98A0609. LEGARE v. THE STATE.
(499 SE2d 640)

HUNSTEIN, Justice.

Andrew Phillip Legare was convicted in 1977 of burglary, armed robbery, and murder. The trial court sentenced Legare to 20 years imprisonment for burglary, life imprisonment for armed robbery, and, on the jury's recommendation, to death for the murder conviction. The murder conviction's death sentence was subsequently set aside by order of this Court, see *Legare v. State*, 250 Ga. 875 (302 SE2d 351) (1983), and after several new resentencing trials on the murder charge and further appeals, in 1992 a fourth jury recommended a life sentence. When imposing the sentence, the trial court orally pronounced the sentence but failed to state that Legare was to serve the life sentence consecutively to the sentences he was already serving on the burglary and armed robbery convictions. The written sentence was filed 11 days later. Legare filed a motion to vacate sentence on March 19, 1992, which was denied by the trial court in an order filed on September 4, 1997.

On September 29, 1997 the trial court granted Legare an extension of time, through and including October 29, 1997 to file a notice of appeal from the September 4, 1997 order denying his motion to vacate sentence. On October 29, 1997 the trial court granted Legare another extension of time giving him until December 3, 1997 to file a notice of appeal. Legare filed his notice of appeal on December 3, 1997, at least 90 days after the September 4, 1997 order denying his motion to vacate sentence was filed.

OCGA § 5-6-39 (a) (1) gives courts the authority to grant an extension of time to file a notice of appeal. This authority is limited, however, by subsection (c) which provides that only one extension of

time shall be granted for filing a notice of appeal and the extension shall not exceed the 30 days allowed for the initial filing of the notice. In this case, the only authorized extension of time would have expired on October 29, 1997. Because Legare's notice of appeal, filed on December 3, 1997, was untimely, this Court is without jurisdiction over his appeal. *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978) (proper and timely filing of notice of appeal is an absolute requirement to confer jurisdiction in this Court). Accordingly, Legare's appeal is hereby dismissed. See *Dillard v. State*, 223 Ga. App. 405 (1) (477 SE2d 674) (1996); *Rockdale County v. Water Rights Committee,* 189 Ga. App. 873 (377 SE2d 730) (1989) (courts have no jurisdiction to grant extension of more than 30 days for filing notice of appeal); *Hamby v. State*, 162 Ga. App. 348 (291 SE2d 724) (1982) (court has no jurisdiction over appeal where notice of appeal filed during unauthorized second extension of time for filing notice of appeal).

*Appeal dismissed. All the Justices concur, except Fletcher, P. J., who dissents.*

FLETCHER, Presiding Justice, dissenting.

Practicality, and a desire to elevate substance over form, leads me to dissent. A dismissal of the appeal (on a ground not raised by the attorney general or the district attorney) does nothing more than postpone a decision on the merits at the expense of judicial resources. The majority's opinion itself establishes Legare's claim for ineffective assistance of counsel.[1] When Legare presents this claim in a habeas petition, he will prevail; his remedy will be the grant of an out-of-time appeal[2] and this Court will then consider the merits of the appeal. We will be back exactly where we started and I cannot find the policy reasons to justify this particular exercise in futility.

DECIDED MAY 18, 1998.

*Sutherland, Asbill & Brennan, John H. Fleming, Ann G. Fort,* for appellant.

*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Mary Beth Westmoreland, Senior Assistant Attorneys General,* for appellee.

---

[1] See *McAuliffe v. Rutledge*, 231 Ga. 745 (204 SE2d 141) (1974).
[2] Id. at 746; *Westerfield v. State*, 176 Ga. App. 195 (335 SE2d 702) (1985).