## A05A2261. DOWDELL v. THE STATE.
(628 SE2d 226)

PHIPPS, Judge.

After a jury trial, Gregory Dowdell was convicted of armed robbery, aggravated assault and possession of a firearm during the commission of a felony for his participation in the robbery of a gas station. He was sentenced to serve fifteen years in prison and five years on probation. Dowdell claims that the trial court erred by denying his motion in arrest of judgment and motion for new trial because the indictment was defective. He also claims that his trial counsel was ineffective for failing to file a demurrer to the indictment. Finally, Dowdell claims that the trial court erred by communicating with the jury outside his presence and in instructing the jury. For reasons that follow, we affirm.

1. Dowdell claims that the indictment was defective and that the trial court should have granted his motion in arrest of judgment or motion for new trial on this issue.

After a defendant has been convicted under the indictment and judgment has been entered on the conviction, the indictment may be challenged in a motion in arrest of judgment, which "asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime."[1] A motion to arrest judgment based on a defective indictment should be granted only where the indictment is absolutely void.[2] The indictment is not void if it is sufficient to put the defendant on notice of the charges against him and enable him to prepare an intelligent defense.[3]

In his motion in arrest of judgment, Dowdell argued that the indictment was void because Count 3 failed to allege a crime. Count 3 charged Dowdell with possession of a firearm during the commission of a crime and alleged that

> the said accused, in the State of Georgia and County of Gwinnett, on the 29th day of September, 2001, did then and there unlawfully have on his person a firearm, to wit: a handgun, during the commission of a felony, to wit: armed robbery, which is a theft from a building, contrary to the laws of said State, the peace, good order and dignity thereof.

Dowdell correctly points out that armed robbery is not theft from a building, but theft from a person.[4] However, contrary to Dowdell's claim, the indictment did not fail to allege a crime because it alleged that Dowdell possessed a handgun while committing armed robbery. The offense of possession of a firearm during the commission of a crime can be committed by possessing a firearm during the commission of a crime "against or involving the person of another"[5] or by possessing a firearm during the commission of a "theft from a building."[6] Count 3 of the indictment charged Dowdell with possession of a firearm during the commission of armed robbery, but incorrectly defined armed robbery as a crime involving theft from a building rather than as a crime against or involving the person of another.

---

[1] *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998) (citation and punctuation omitted).

[2] *Campbell v. State*, 223 Ga. App. 484, 485 (3) (477 SE2d 905) (1996).

[3] *Robles v. State*, 277 Ga. 415, 421 (10) (589 SE2d 566) (2003).

[4] See OCGA § 16-8-41 (a).

[5] OCGA § 16-11-106 (b) (1).

[6] OCGA § 16-11-106 (b) (3).

In *Campbell v. State*,[7] the defendant claimed that the indictment was void because it omitted an essential element of the crime of armed robbery, that the taking of property was "from the person or immediate presence of another." This court ruled that the language was not required where the indictment alleged that the defendant took property with the intent to commit theft by use of a knife, an offensive weapon. We recognized that armed robbery can be accomplished only by a taking from the person or immediate presence of another, and we held that such an allegation could be inferred. Here, Dowdell was informed that the underlying crime was armed robbery. Although the indictment was not perfect in form, it was not rendered void because Dowdell was not explicitly informed that armed robbery is a crime "against or involving the person of another."

Count 3 of the indictment sufficiently informed Dowdell of the charge asserted against him and protected him from subsequent prosecution for the same crime.[8] We conclude that the trial court did not err by denying Dowdell's motion in arrest of judgment or motion for new trial on this issue.[9]

2. Dowdell claims that his trial counsel was ineffective for failing to file a demurrer to the defective indictment.

A general demurrer challenging the validity of the indictment may be raised at any time.[10] Prior to trial, Dowdell's counsel filed a general demurrer to all counts of the indictment. In the demurrer, trial counsel alleged that Count 3 failed to adequately charge Dowdell with any offense against the laws of the State of Georgia and that Count 3 failed to sufficiently set out a charge of possession of a firearm during the commission of a felony. The trial court denied the general demurrer, and Dowdell has not challenged that ruling on appeal.

Dowdell's trial counsel did not, however, file a special demurrer to Count 3 of the indictment. A special demurrer objects to the form of the indictment or seeks more information and must be raised before pleading to the indictment.[11] Dowdell's trial counsel did not testify at the motion for new trial hearing; thus, there is no evidence in the record about why he did not specially demur to Count 3.

> A defendant claiming ineffective assistance of counsel must show (1) that his attorney's representation in specified instances fell below an objective standard of reasonableness

---

[7] Supra.

[8] See *Campbell*, supra.

[9] See id.

[10] *Moore v. State*, 246 Ga. App. 163, 165 (3) (539 SE2d 851) (2000).

[11] See *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977).

and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.[12]

We are not required to address both components of the test if the defendant has made an insufficient showing on one.[13]

Even if we were to assume that trial counsel's failure to file a special demurrer to Count 3 of the indictment was objectively unreasonable, Dowdell has failed to make the required showing that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable."[14] The purpose of an indictment is to allow the defendant to prepare his defense intelligently and to protect him from double jeopardy.[15] Dowdell knew that he was charged with possession of a firearm during the commission of the armed robbery of the gas station attendant. He has failed to show how his defense was prejudiced by the imperfect indictment.

3. Dowdell claims that the trial court erred by responding to a question from the jury without first informing trial counsel.

During its deliberations, the jury sent a note to the court: "Can we have a copy of the transcript referred to by [Dowdell's trial counsel] which was taken approx[imately] 3 months ago from [a witness]?" The judge wrote back, "No." The next day, the trial court told counsel, with Dowdell present, what had happened and Dowdell's counsel stated that he had no objection to what the judge had done. This all transpired before the jury returned its verdict.

A criminal defendant has a constitutional right to be present during, and see and hear, all the proceedings against him during trial.[16] A defendant and his counsel are entitled to be present during any communications between the trial judge and the jury.[17]

Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the

---

[12] *Parrish v. State*, 237 Ga. App. 274, 283 (10) (514 SE2d 458) (1999) (citation omitted).

[13] *Simmons v. State*, 262 Ga. App. 164, 167 (1) (d) (585 SE2d 93) (2003).

[14] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[15] *Eubanks*, supra at 484-485.

[16] *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998).

[17] Id.

jury. There should be no communication which would tend in any manner to prejudice the accused; and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial.[18]

Here, Dowdell waived his right to appellate review of this issue by failing to object or seek a mistrial after being informed by the trial court, before the return of the jury's verdict, of its communication with the jury.[19]

4. Dowdell claims that the trial court erred by instructing the jury that the level of certainty demonstrated by an eyewitness in his or her identification of a defendant is a factor the jury may consider in evaluating the eyewitness's reliability.

In *Brodes v. State*,[20] the Supreme Court of Georgia held that it could "no longer endorse an instruction authorizing jurors to consider the witness's certainty in his/her identification as a factor to be used in deciding the reliability of that identification."[21] The Court advised trial courts to refrain from giving such an instruction to jurors.[22]

Here, the trial court gave the pattern jury instruction on reliability of identification, as requested by Dowdell, which included the level of certainty shown by the witness about his or her identification as one factor to be considered in assessing the reliability of the identification.[23] "The act of requesting an instruction in the trial court constitutes a specific waiver of the right to enumerate it as error on appeal. Because [Dowdell] induced the giving of the charge below, he is precluded from attacking it now."[24] We therefore need not consider whether including the instruction constituted harmful error in this case.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 8, 2006.

*Sharon L. Hopkins*, for appellant.

---

[18] Id. (citations and punctuation omitted).

[19] Id.

[20] 279 Ga. 435 (614 SE2d 766) (2005).

[21] Id. at 442.

[22] Id.

[23] Suggested Pattern Jury Instructions, Volume II: Criminal Cases, Section 1.35.10.1 (c) (3rd ed. 2003).

[24] *DeLoach v. State*, 272 Ga. 890, 892 (2) (536 SE2d 153) (2000) (citations omitted); see also *Zellars v. State*, 278 Ga. 481, 485 (7) (604 SE2d 147) (2004).

*Daniel J. Porter, District Attorney, Gregory D. McKeithen, Assistant District Attorney*, for appellee.