# Court of Appeals
# of the State of Georgia

ATLANTA, October 28, 2013

*The Court of Appeals hereby passes the following order:*

**A14D0073. MICHAEL D. NEWBY v. THE STATE.**

In 1980, Michael Newby was convicted of armed robbery, rape, aggravated sodomy, and robbery by intimidation. His convictions were affirmed on appeal. See *Newby v. State*, 161 Ga. App. 805 (288 SE2d 889) (1982). On July 13, 2013, Newby filed a motion to vacate a void sentence, alleging he is innocent and that his sentence is void due to trial court errors and constitutional violations. The trial court dismissed the motion to vacate on August 29, 2013, and Newby filed this application for discretionary appeal on October 3, 2013. We lack jurisdiction for a number of reasons.

First, a direct appeal lies from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). However, a sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). As the Supreme Court stated in *Jones v. State*, 278 Ga. 669, 671 (604 SE2d 483) (2004), post-appeal "[r]ulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void." Because the post-appeal motion at issue here does not allege a ground upon which the judgment of conviction entered against Newby can be declared void, Newby has not raised a valid void-sentence claim, and his appeal is subject to dismissal. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

Additionally, both an application for a discretionary appeal and a direct appeal

must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA §§ 5-6-35 (d), 5-6-38 (a). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court lacks jurisdiction to consider an untimely appeal. See *Legare v. State*, 269 Ga. 468, 469 (499 SE2d 640) (1998); *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). Because Newby's application was filed 35 days after entry of the court's order, we lack jurisdiction to consider it. Newby's application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 10/28/2013
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*