# Court of Appeals
# of the State of Georgia

ATLANTA, February 25, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0997. MICHAEL D. NEWBY v. THE STATE.**

In 1980, Michael Newby was convicted of armed robbery, rape, aggravated sodomy, and robbery by intimidation. His convictions were affirmed on appeal. *Newby v. State*, 161 Ga. App. 805 (288 SE2d 889) (1982). In July 2013, Newby filed a pro se motion to vacate a void sentence, arguing that he is innocent and that his sentence is void due to trial court errors and constitutional violations. The trial court dismissed the motion to vacate on August 29, 2013, and Newby filed both an application for discretionary appeal and a direct appeal from that order.[1] We dismissed Newby's application for interlocutory appeal because he failed to raise a valid void-sentence claim and his application was untimely. *Newby v. State*, Application No. A14D0073 (dismissed Oct. 28, 2013). We likewise dismiss this direct appeal on the same grounds.

A direct appeal lies from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). However, a sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). As the Supreme Court stated in *Jones*

---

[1] Newby's notice of appeal indicated that he was appealing to the Georgia Supreme Court, but that Court transferred the case to us after determining that the case is not a habeas corpus case and there is no other basis for the exercise of its jurisdiction.

*v. State*, 278 Ga. 669, 671 (604 SE2d 483) (2004), post-appeal "[r]ulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void." Because the post-appeal motion at issue here does not allege a ground upon which Newby's sentence can be declared void, Newby has not raised a valid void-sentence claim, and his appeal is subject to dismissal. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

Additionally, both an application for a discretionary appeal and a direct appeal must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA §§ 5-6-35 (d), 5-6-38 (a). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court lacks jurisdiction to consider an untimely appeal. See *Legare v. State*, 269 Ga. 468, 469 (499 SE2d 640) (1998); *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). Because Newby's notice of appeal was filed on October 8, 2013, 40 days after entry of the court's order, we lack jurisdiction to consider it. For these reasons, Newby's direct appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 02/25/2014
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*