**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 28, 2019**

# In the Court of Appeals of Georgia

A19A0294.　COLEMAN　v.　PRETIUM　MORTGAGE
　　　ACQUISITIONS TRUST et al.

MCFADDEN, Presiding Judge.

This appeal arises from an action brought by pro se litigant Joseph A. Coleman, Jr., against various defendants in which he alleged tort claims in connection with a threatened foreclosure of his real property. On appeal he enumerates two rulings as error: the trial court's grant of summary judgment to four of the defendants (Pretium Mortgage Acquisition Trust; Wilmington Savings Fund Society, FSB d/b/a Christiana Trust; Rushmore Loan Management Services LLC; and Kenney & Medina, P.C.); and the trial court's denial of his motion to amend his petition to add causes of action.[1]

---

[1] The trial court also issued rulings ending the action as to other defendants: a judgment on the pleadings in favor of Ditech Financial, LLC f/k/a Green Tree Servicing, LLC, and a dismissal of the action in favor of Mortgage Electronic Registration System, Inc. Coleman does not enumerate these rulings as error, so they

Neither enumeration has merit. Our Supreme Court has rejected the sole argument that Coleman raises on appeal in support of his claim that the trial court should not have granted summary judgment. And the record does not show that the trial court denied his request to amend his petition to add causes of action. So we affirm.

1. *Facts and procedural posture.*

The facts dispositive of this appeal are undisputed. On March 18, 2004, Coleman entered into a Deed to Secure Debt (hereinafter, the security deed) that encumbered his real property as security for a loan. The security deed passed to several holders in a series of assignments. In early December 2017, Coleman was sent a notice of the institution of foreclosure proceedings on the ground that he had defaulted on his loan. He filed an ex parte emergency petition for a temporary restraining order to stop the foreclosure, which the trial court granted for a limited period of time pursuant to OCGA § 9-11-65 (b) (permitting grant of temporary restraining order without written or oral notice to adverse party under certain circumstances). The trial court set a hearing on the matter for March 2, 2017.

On February 23, 2017, Coleman filed a motion for leave to amend his petition to add defendants to the proceeding and to assert additional causes of action. The trial

are not at issue in this appeal.

2

court issued a nunc pro tunc order, effective March 2, 2017, titled "Order Granting Plaintiff's Motion for Leave to Amend," which stated that Coleman "shall have until April 13, 2017 to amend his complaint to add parties and to serve those parties." On March 10, 2017, Coleman filed an amended petition that added defendants and asserted various additional or restated causes of action related to or arising out of the foreclosure proceedings.

On April 28, 2017, the four original defendants moved for summary judgment on all of Coleman's claims, including those in the amended petition. The only argument in opposition to summary judgment that Coleman articulated in his responsive pleading was that he "denies that the purported lender has any right to the enforcement of either the Note or Security Agreement allegedly executed by the Plaintiff on March 18, 2004." It appears from the record that Coleman expanded this argument at a hearing on the summary judgment motion; although the record on appeal does not contain a transcript of that hearing,[2] the trial court, in her subsequent order, stated that Coleman asserted two arguments at the hearing: "the first is an

---

[2] In his notice of appeal, Coleman did not specify that a transcript would be filed for inclusion in the record. See OCGA § 5-6-37 ("the notice shall state whether or not any transcript of evidence and proceedings is to be transmitted as part of the record on appeal").

3

attempt to attack assignments which are in evidence in the record in this case and the second is an argument that the [d]efendants cannot foreclose without proving that they have ownership of the [n]ote related to the [s]ecurity [d]eed." Finding that neither argument had merit as a matter of law, the trial court granted summary judgment.

2. *Appellate jurisdiction.*

As an initial matter, we consider our jurisdiction over this appeal. See generally *Ford v. Ford*, 347 Ga. App. 233 (818 SE2d 690) (2018) (appellate court has duty to inquire into its jurisdiction to review errors enumerated on appeal). Within 30 days of the entry of the summary judgment order, Coleman filed a motion for an extension of time to file his notice of appeal. Our Civil Practice Act authorized the trial court to grant Coleman a 30-day extension, OCGA § 5-6-39 (a) (1) & (c), which the trial court did in what amounted to a nunc pro tunc order. Although the trial court entered that order after the extension period had run, Coleman nevertheless filed his notice of appeal within that period.

Under these circumstances, we find that Coleman's notice of appeal was timely and that we have jurisdiction to decide his appeal. We acknowledge that our jurisprudence includes cases that prevent us from exercising jurisdiction in

4

circumstances where the trial court granted an untimely motion for extension (filed more than 30 days after the entry of a final judgment), *In the Interest of C. S. M.*, 184 Ga. App. 125, 125-126 (361 SE2d 16) (1987); or where a notice of appeal was filed more than 30 days after the entry of a final judgment but within 30 days of a nunc pro tunc order correcting the date of that judgment, *Bowen v. Clayton County Hosp. Auth.*, 160 Ga. App. 809 (288 SE2d 2320 (1982). But those circumstances do not exist here. Unlike in those cases, Coleman filed a timely motion for extension that the trial court had the authority to grant and, in fact, granted, and he filed a notice of appeal within the extension period permitted by statute. OCGA § 5-6-39 (c).

3. *Summary judgment.*

We review de novo Coleman's claim that the trial court erred in granting summary judgment, construing the evidence most favorably towards him. *Northwest Carpets v. First Nat. Bank of Chatsworth*, 280 Ga. 535, 538 (1) (630 SE2d 407) (2006). The only argument that Coleman makes on appeal in support of this claim is that some of the assignments of his security deed were void. But Coleman has no standing to attack those assignments, and so he cannot challenge the foreclosure on that basis or bring claims premised on supposedly void assignments. See *Ames v. JP Morgan Chase Bank, N. A.*, 298 Ga. 732, 737-742 (3) (783 SE2d 614) (2016). So he

5

has not shown that the trial court erred in granting summary judgment. See *Northwest Carpets*, supra at 539 (3) (affirming summary judgment in favor of defendant bank where plaintiff lacked standing to challenge foreclosure).

4. *Denial of motion for leave to amend petition.*

Coleman argues that the trial court erred in denying his motion for leave to amend his petition to permit him to add causes of action. But he has not shown that the trial court made any such ruling. As described above, the trial court granted Coleman's motion to amend his petition, Coleman filed an amended petition that included new causes of action, and the trial court considered those new causes of action in ruling on the summary judgment motion. The fact that the trial court did not specifically mention adding causes of action in her order granting the motion is of no moment, because Coleman was entitled to add causes of action without the trial court's leave. See *Benedek v. Bd. of Regents of the Univ. System of Ga.*, 332 Ga. App. 573, 574-575 (1) (a) (774 SE2d 150) (2015); see also OCGA § 9-11-15 (a).

*Judgment affirmed. McMillian and Goss, JJ., concur.*