# Court of Appeals
# of the State of Georgia

ATLANTA,  April 12, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1075. JOHN WESLEY JOHNSON v. THE STATE.

In July 2009, John Wesley Johnson pled guilty to rape, aggravated child molestation, aggravated sexual battery, and child molestation. Johnson filed a pro se motion to withdraw his guilty plea outside the term of court, which was dismissed, and his subsequent appeal to this Court was dismissed as untimely. See Case No. A11A1045 (decided Feb. 17, 2011). In January 2020, Johnson filed a pro se motion for an out-of-time appeal. On March 20, 2020, the trial court denied the motion, finding that Johnson did not meet his burden of showing that ineffective assistance of counsel caused him to forfeit a timely appeal. On August 3, 2020, Johnson filed a "Motion for Extension of Time to File Notice of Appeal."[1] On September 4, 2020, Johnson filed a notice of appeal of the March 20 order in the Georgia Supreme Court, which transferred the case to this Court.[2] We, however, lack jurisdiction.

Pursuant to OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days

---

[1] On October 15, 2020, the trial court treated the August 3 motion as a motion for out-of-time appeal, presumably because the 30-day deadline to consider a motion for extension of time to file a notice of appeal from the March 20 order had already passed. See *In the Interest of C. S. M.*, 184 Ga. App. 125, 125 (361 SE2d 16) (1987) (no extension can be granted after the expiration of the 30 day period in which to file a notice of appeal). The trial court dismissed the motion as moot because Johnson already filed a notice of appeal from the March 20 order and because he did not allege the essential element of ineffective assistance of counsel. Johnson filed a timely notice of appeal from that order, which has been docketed in Case No. A21A0715.

[2] See Case No. S21A0558 (decided Jan. 11, 2021).

after entry of an appealable order. "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Jordan v. Caldwell*, 229 Ga. 343, 344 (191 SE2d 530) (1972). This Court has no "jurisdiction to entertain an appeal filed more than 30 days after the entry of the judgment appealed from, where no proper extension of time for filing has been granted." *Newton v. K. B. Prop. Mgmt. of Georgia*, 166 Ga. App. 901, 902 (306 SE2d 5) (1983).

On September 4, when Johnson filed his notice of appeal, no extension of time for filing had been granted. Because Johnson filed his notice of appeal 168 days after entry of the order he seeks to appeal, it is untimely, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  04/12/2021*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ *, Clerk.*