# FIFTH DIVISION
## BARNES, P. J.,
## MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 6, 2021**

# In the Court of Appeals of Georgia

A21A1726, A21A1729. PERRY et al. v. PAUL HASTINGS, LLP et al.; and vice versa.

MCFADDEN, Presiding Judge.

Egbert Perry and Integral Development, LLC brought this action against law firm Paul Hastings, LLP and two of its attorneys, asserting a claim of abusive litigation in connection with a prior lawsuit. On March 3, 2020, the trial court denied the defendants' motion to dismiss the action for failure to state a claim, and this court declined to grant interlocutory appellate review of that ruling. The following year, on February 26, 2021, the trial court granted the defendants' motion for judgment on the pleadings.

This court granted the plaintiffs two extensions of time to file their notice of appeal from the order granting judgment on the pleadings — the first extending the

time for filing until April 26, 2021, and the second extending the time for filing until May 26, 2021. On May 25, 2021, the plaintiffs filed a notice of appeal (Case No. A21A1726). The defendants moved to dismiss that appeal, arguing that the notice of appeal was untimely. And on June 4, 2021, they filed a notice of cross-appeal from the order denying their motion to dismiss (Case No. A21A1729).

We lack jurisdiction to consider these appeals. "The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Cody v. State*, 277 Ga. 553 (592 SE2d 419) (2004) (citation and emphasis omitted). Our Appellate Practice Act requires the notice of appeal to "be filed within 30 days after entry of the appealable decision or judgment complained of[,]" except in certain circumstances not applicable here. OCGA § 5-6-38 (a). Although "OCGA § 5-6-39 (a) (1) gives courts the authority to grant an extension of time to file a notice of appeal[, t]his authority is limited . . . by subsection (c) which provides that only one extension of time shall be granted for filing a notice of appeal and the extension shall not exceed the 30 days allowed for the initial filing of the notice." *Legare v. State*, 269 Ga. 468, 468-469 (499 SE2d 640) (1998).

"In this case, the only authorized extension of time would have expired on [April 26, 2021]." *Legare*, 269 Ga. at 469. So the plaintiffs' notice of appeal, filed on

2

May 25, 2021, was untimely; and we are without jurisdiction over the plaintiffs' appeal. See id. This is the case even though we granted a second, unauthorized extension. See *Rockdale County v. Water Rights Committee*, 189 Ga. App. 873, 874 (377 SE2d 730) (1989) (order granting extension to file notice of appeal that was not authorized by OCGA § 5-6-39 "was an ineffective nullity [and] the parties cannot rely on [that] order as authority for extending the time for filing their notices of appeal") (citation and punctuation omitted). The "right to appeal . . . depends on statutory authority[,]" *Jones v. Peach Trader*, 302 Ga. 504, 511 (III) (807 SE2d 840) (2017), and where the statutory requirements for an appeal are not met, we cannot exercise jurisdiction. See *Legare*, 269 Ga. at 469. See generally *Seals v. State*, 311 Ga. 739, 748 (3) (b) (860 SE2d 419) (2021) ("We do not have the power to ignore the meaning of words, nor do we have the power to rewrite statutes to better suit the perceived needs of courts or parties.").

There is no independent jurisdictional basis for the defendants' cross-appeal from the order denying their motion to dismiss. That interlocutory order was not directly appealable under OCGA § 5-6-34 (a) or any other statutory provision, and we denied the defendants' application for interlocutory appellate review. Consequently, because we lack jurisdiction over the plaintiffs' appeal, we also lack

3

jurisdiction over the defendants' cross-appeal. See *Clark v. Atlanta Independent School System*, 311 Ga. App. 255, 259 (715 SE2d 668) (2011); *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 222 (633 SE2d 623) (2006).

*Appeals dismissed. Barnes, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.